**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, Plaintiff–Appellee,**

v.

**Young Il KAWANO (aka Eiichi Sai) (aka Eiichi Kawano), Hideki Hanada, and Koichi Yoneda, Defendants–Appellants.**

Nos. 90–10254, 90–10255, and 90–10256.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 1990.

Decided Oct. 16, 1990.

G. Patrick Civille, Moore, Ching, Boertzel & Lawlor, P.C., Agana, Guam, for defendant-appellant Hanada.

Timothy H. Bellas, Saipan, MP, for defendant-appellant Yoneda.

James H. Grizzard, Saipan, MP, for defendant-appellant Kawano.

John F. Cool, Asst. Atty. Gen., Saipan, MP, for plaintiff-appellee Commonwealth of the Northern Mariana Islands.

Before GOODWIN, KOZINSKI and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Hideki Hanada, Koichi Yoneda and Young Il Kawano (aka Eiichi Sai) (aka Eiichi Kawano) appeal their convictions in the trial court of the Commonwealth of the Northern Mariana Islands (NMI or Commonwealth). The Appellate Division of the United States District Court for the Northern Mariana Islands affirmed their convictions. We vacate the judgment of the district court and dismiss the appeal for want of federal jurisdiction.

## PROCEEDINGS

Hanada and Yoneda were convicted of murder in the first degree in the killing of Hideo Shirigami and Kawano was convicted of the crime of principal to murder. They raise several challenges to the procedure at the trial including the claim that their right to confrontation, guaranteed by the Sixth Amendment, had been denied by the trial court's curtailment of their cross-examination of the principal prosecution witness.

We are unable to reach the issues, however, if we lack jurisdiction of the appeal.

## JURISDICTION

Our jurisdiction to review the district court depends on the existence of jurisdiction in the district court. Its jurisdiction has been challenged. Two separate legislative enactments from two different legislatures bear on this question.

48 U.S.C. § 1694b(a) reads:

Prior to the establishment of an appellate court for the Northern Mariana Islands the district court shall have such appellate jurisdiction over the courts established by the Constitution or laws of the Northern Mariana Islands as the Constitution and laws of the Northern Mariana Islands provide, except that such Constitution and laws may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (90 Stat. 263) (hereinafter referred to as "Covenant"), or any authority exercised thereunder by an officer or agency of the Government of the United States, or the conformity of any law enacted by the legislature of the Northern Mariana Islands or of any orders or regulations issued or actions taken by the executive branch of the government of the Northern Mariana Islands with the Constitution, treaties, or laws of the United States, including the Covenant or with any authority exercised thereunder by an officer or agency of the United States.

According to the statute, the jurisdiction of the appellate division, which is established by section 1694b(a), has only that jurisdiction which the laws of the Northern Mariana Islands provide. Accordingly we turn to the most recent legislation of the Northern Mariana Islands.

The Commonwealth Judicial Reorganization Act of 1989, Public Law No. 6–25, § 3109 (the Act) created the Supreme Court of the Commonwealth and vested in that court jurisdiction over all appeals from the trial court (renamed Commonwealth Superior Court). The Act specifically dealt with appeals pending in the Appellate Division of the District Court and transferred jurisdiction of them to the new Supreme Court so long as the final mandate of the Appellate Division had not been received by the trial court. The Act repealed 1 CMC § 3301 which had conferred appellate jurisdiction on the United States District Court.

By establishing an appellate court for the Northern Mariana Islands, the Act also rendered 48 U.S.C. 1694b(a) inapplicable because it only governs appellate jurisdiction "[p]rior to the establishment of an appellate court for the Northern Mariana Islands." 48 U.S.C. § 1694b(a). Now that the Commonwealth has established an appellate court, we focus our attention upon section 1694c(a). Section 1694c(a) provides that for the first fifteen years following the establishment of such an appellate court, the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands that are grounded in United States law. Appellants claim the denial of their Sixth Amendment rights to confront their accusers provide both the Appellate Division of the United States District Court and this court with jurisdiction to review their case. This contention, however, cannot be supported in view of Section 1694c(a).

■ While appellants correctly assert that there is appellate review of federal cases following the establishment of the Commonwealth Supreme Court, this review is no longer vested in the Appellate Division of the District Court. Rather, the Commonwealth now requires appeals first to be filed before the court it has established pursuant to the Commonwealth Judicial Reorganization Act. Only when appellants have obtained a final decision from that court will the Ninth Circuit properly possess appellate jurisdiction only over those cases "involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder." 48 U.S.C. 1694c(a).

■ In *Wabol v. Villacrusis,* 908 F.2d 411 (9th Cir.1990), we held the provisions of the Act that attempted to withdraw appellate jurisdiction from this court were void only in those cases where the appeal was currently pending before our court. *Wabol* may be distinguished because that appeal was properly before our court when the Act was passed; accordingly, the Act could not divest us of appellate jurisdiction. In this case, however, the appeal was filed *after* the creation of the appellate court for the Northern Mariana Islands. In view of the plain language in section 1694c(a), appellants must first exhaust their appeals before the Northern Mariana Islands courts before our appellate jurisdiction becomes operative.

In an informed and almost persuasive opinion the Appellate Division of the District Court pointed out that on the effective date of the Act "there was no functioning appellate forum, other than the Appellate Division, to be vested with jurisdiction through the timely filing of a notice of appeal. On May 3, 1989, the Commonwealth Supreme Court had no justices, staff, rules, or facilities; the Court existed only on paper." For this reason the district court thought it should continue to hear the appeals pending before it. The motives of the district court were praiseworthy. It was acting in the spirit of this court in *Gioda v. Saipan Stevedoring Co.,* 855 F.2d 625, 630 (9th Cir.1988) where retroactive application of the law was avoided to prevent manifest injustice in a pending case. But *Gioda* cannot be followed here.

■ Here the general rule prevails that the appellate court must apply the law in force at the time it decides the case. *United States v. The Schooner Peggy,* 5 U.S. (1

Cranch) 103, 110, 2 L.Ed. 49 (1801). There is no manifest injustice to the parties in so doing: the case is criminal with one litigant being the government; there is no one with vested rights; there are no new duties imposed. *See Bradley v. School Bd.*, 416 U.S. 696, 717, 94 S.Ct. 2006, 2019, 40 L.Ed.2d 476 (1974). The district court did emphasize the sense of futility appellants before it might have in having prepared their appeals and then being sidetracked to a different court. This factor alone is insufficient to invoke the exception to *Schooner Peggy*. There is no danger that the appeal will be indefinitely delayed. The Commonwealth Supreme Court issued its first opinion some five months before the appellate division of the district court issued its opinion in this case, so it is clear that the case was transferred to a functioning court and defendants' appeal will be heard.

The Commonwealth had withdrawn appellate jurisdiction over its trial court from the district court. The district court had no jurisdiction and we have none.

VACATED and DISMISSED for want of federal jurisdiction.