919 F.2d 101
 Leocadio C. MAFNAS; Rosalia Mafnas Borja, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR THE NORTHERN MARIANA
ISLANDS, Respondent,
and
Marian Aldan-Pierce; Diana C. Ferreira, Real Parties in Interest.
 No. 90-70359.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 23, 1990.
Decided Nov. 6, 1990.
 
 Theodore R. Mitchell, Saipan, Commonwealth of the Northern Mariana Islands, for petitioners.
 Petition for Writ of Mandamus.
 Before WALLACE, THOMPSON and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Leocadio C. Mafnas, seeks by way of mandamus an order from this court directing the Appellate Division of the United States District Court for the Northern Mariana Islands to recall and vacate its mandate issued April 16, 1990.
 
 
 2
 Petitioner Mafnas was the defendant in an enforcement action filed by real party in interest Aldan-Pierce on March 4, 1986, in the trial court for the Commonwealth of the Northern Mariana Islands (Commonwealth). On October 15, 1986, the trial court granted summary judgment in favor of Aldan-Pierce. On October 16, 1986, Mafnas appealed to the appellate division for the United States District Court for the Commonwealth (appellate division) as then authorized by federal and Commonwealth law. See 48 U.S.C. Sec. 1694b(a); 1 C.M.C. Sec. 3301.
 
 
 3
 On February 23, 1988, the appellate division ruled in favor of Aldan-Pierce. On February 26, 1988, Mafnas filed a notice of appeal to this court pursuant to 48 U.S.C. Sec. 1694b and 28 U.S.C. Sec. 1294. Oral argument was heard on February 16, 1989. On February 17, 1989, this court deferred its ruling pending a decision in Wabol v. Villacrusis, 898 F.2d 1381, 1386 (9th Cir.1990), amended, at 1387 & n. 11 (9th Cir.1990).
 
 
 4
 On May 2, 1989, the Commonwealth Judicial Reorganization Act (P.L. 6-25) (Act) became law. On May 15, 1989, Mafnas filed a notice of appeal from the original trial court decision with the newly created Commonwealth Supreme Court.
 
 
 5
 On March 14, 1990, the Commonwealth Supreme Court issued an order giving each litigant involved in appeals then pending in the appellate division an opportunity to transfer his or her appeal to the Commonwealth Supreme Court. Order of Commonwealth Supreme Court, In re Pending Appeals as of May 2, 1989 in the Appellate Division of the District Court, (March 14, 1990).
 
 
 6
 On March 29, 1990, we granted Mafnas' motion to voluntarily dismiss his appeal to this court. Mafnas currently has an appeal of the trial court's October 15, 1986, judgment pending before the Commonwealth Supreme Court. The jurisdictional problem before us surfaced when, on April 16, 1990, the appellate division issued a mandate which stated that the
 
 
 7
 March 29, 1990, order of the U.S. Court of Appeals for the Ninth Circuit dismissing this appeal in that court results in the Decision and Judgment of the Appellate Division being allowed to stand as issued.
 
 
 8
 On May 2, 1989, when the Act went into effect, the appellate division of the district court for the Northern Mariana Islands lost all jurisdiction over appeals for which its final mandate had not yet issued. See Commonwealth of Northern Mariana Islands v. Kawano, 917 F.2d 379, at 380-81 (9th Cir.1990); see also Wabol, amended, at 1387 & n. 11. Hence, while this court properly exercised jurisdiction over Mafnas' appeal from the February 23, 1988, judgment of the appellate division, see Wabol, amended, at 1388 (Reorganization Act does not divest Ninth Circuit of appellate jurisdiction), the appellate division lost all jurisdiction over this case as of May 2, 1989, because its final mandate had not yet issued. See Kawano, 917 F.2d at 381-82. There is no reason not to apply Kawano to civil actions. There is no manifest injustice here because when the appellate division was divested of jurisdiction, the Commonwealth Supreme Court gained it. Cf. Gioda v. Saipan Stevedoring Co., Inc., 855 F.2d 625 (9th Cir.1988).
 
 
 9
 Writs of mandamus are drastic remedies, to be used only in extraordinary situations. People of the Territory of Guam v. District Court of Guam, 641 F.2d 816, 820 (9th Cir.1981) (citation omitted). However, they have been used as "an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction." Id. A review of this case indicates that the factors we discussed in Bauman v. United States District Court, 557 F.2d 650 (9th Cir.1977) as warranting extraordinary relief have been satisfied. Here, where the Act expressly withdrew the appellate division's jurisdiction over all appeals for which its final mandate had not issued as of May 2, 1989, mandamus is appropriate to confine the district court to the lawful exercise of its jurisdiction. See People of the Territory of Guam, 641 F.2d at 820-21. Indeed, it is especially appropriate here where a prompt decision will quickly settle a jurisdictional dispute between two courts.
 
 
 10
 Accordingly, the petition for a writ of mandamus is GRANTED.