June 28, 1993

CLERK OF COURT
SUPREME COURT, CNMI
FILED

93 JUN 28 A10: 13

BY: _____

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

VICTORINO U. VILLACRUSIS and )
PHILIPPINE GOODS, INC., )
 )
 Petitioners, )
 )
 vs. )
 )
THE SUPERIOR COURT OF THE ) ORIGINAL ACTION NO. 93-002
COMMONWEALTH OF THE )
NORTHERN MARIANA ISLANDS, )
 ) CIVIL ACTION NO. 84-397
 Respondent, )
 )
 vs. )
 )
CONCEPCION S. WABOL, ELIAS ) **OPINION AND ORDER**
S. WABOL, and TRANSAMERICA )
CORP., )
 )
 Real Parties in )
 Interest. )
_____)

Argued and Submitted June 8, 1993

Counsel for Petitioner Victorino U. Villacrusis
 and Philippine Goods, Inc.: Douglas F. Cushnie
 P.O. Box 949
 Saipan, MP 96950

Counsel for Respondents Concepcion S. Wabol and
 Elias S. Wabol: Theodore R. Mitchell
 P.O. Box 2020
 Saipan, MP 96950

Counsel for Respondent Transamerica Corporation: Vicente T. Salas
 P.O. Box 1309
 Saipan, MP 96950

Before: DELA CRUZ, Chief Justice; VILLAGOMEZ and ATALIG, Justices.

ATALIG, Justice:

Petitioners, Victorino U. Villacrusis and Philippine Goods, Inc. ("PGI"), seek a writ of mandamus from this court directing our Superior Court to either vacate a writ of possession issued on March 31, 1993, in Wabol v. Villacrusis, No. 93-013, Civil Action No. 84-397, or, comply with the terms of the original Appellate Division's judgment. We conclude that the Superior Court lacks jurisdiction over the case, and grant the petition for mandamus.

## FACTS AND PROCEDURAL BACKGROUND

On December 31, 1992, the U.S. District Court for the Northern Mariana Islands received a mandate from the U.S. Court of Appeals for the Ninth Circuit, affirming *sub nomine* the District Court Appellate Division's 1987 judgment in Wabol v. Muna, 2 CR 963 (D.N.M.I. App. Div. 1987), *rev'g* Wabol v. Muna, 2 CR 231 (N.M.I. Tr. Ct. 1984). See Wabol v. Villacrusis, No. 87-1736 (9th Cir. filed and entered Feb. 20, 1990, transmitted Dec. 23, 1992) (order).[1] The Appellate Division in turn issued an order of remand to the Superior Court reversing and remanding Wabol for proceedings consistent with its 1987 decision.[2] Wabol v. Muna, No. 86-9006 (D.N.M.I. Jan. 4, 1993) (order of remand).

On March 31, 1993, the Superior Court held a hearing on Wabol's petition for writ of possession and, on the same day, issued a writ ordering delivery of possession to Lot Nos.

---

[1] This matter went to the Ninth Circuit *sub nomine.* Upon remand the District Court's Appellate Division retained the original case name; however, on remand, the Superior Court has adopted the caption Wabol v. Villacrusis. See infra note 3.

[2] In Wabol v. Muna, 2 CR 963 (D.N.M.I. App. Div. 1987), the District Court Appellate Division reversed in part the Superior Court's decision and remanded for further proceedings "to determine the terms and conditions of any obligations which may have arisen in quasi contract or as a result of a periodic tenancy." Additionally, the court noted that "the appellees have made several improvements on the land . . . [and that] [o]n remand, the court should determine the amount, if any, of payment appellees should receive from the appellants in order to prevent unjust enrichment for those additions." Id. at 981.

1897 B-3 and B-4,[3] the subject matter of the action below, to plaintiff Concepcion S. Wabol. Five days later, Villacrusis and PGI filed their petition for mandamus. Transamerica Corporation separately appealed from the writ of possession and filed an emergency motion for a stay of the writ pending its appeal.[4] We granted a stay pending the resolution of this petition for writ of mandamus.

In an earlier but related matter, Wabol v. Villacrusis, No. 89-005 (Dec. 11, 1989), *appeal pending with the Ninth Circuit*, we ruled that both the District Court Appellate Division and the Ninth Circuit lack jurisdiction to entertain the Wabol appeal, by virtue of the Commonwealth Judicial Reorganization Act, P.L. 6-25, 1 CMC § 3001 (effective May 2, 1989) (hereinafter Reorganization Act), which divested the federal courts of appellate jurisdiction over Commonwealth cases. The appeal from our jurisdictional ruling in Wabol to the Ninth Circuit is still pending.

## DISCUSSION

The Petitioners argue that the Superior Court lacks jurisdiction over the case and erroneously issued the writ of possession. Alternatively, they contend that if the trial court has jurisdiction it failed to follow the directive of the original judgment of the Appellate

---

[3] These parcels of land are described in the writ of possession as follows:

> Lot No. 1897 B-3 and Lot No. 1897 B-4, situated in Garapan Village, Island of Saipan, fronting on Beach Road, consisting of 7,430 square meters, more or less.

Wabol v. Villacrusis, Civil Action No. 84-397, slip op. at 2 (N.M.I. Super. Ct. March 31, 1993) (writ of possession).

[4] Transamerica is also subject to the writ of possession. Those persons identified as occupying the premises of Lot Nos. 1897 B-3 and B-4 are listed as: "defendants Victorino U. Villacrusis; Philippine Goods, Inc.; and Transamerica Corporation, and other unknown persons . . . ." Id. PG moved in support of this stay as well. Additionally, Transamerica filed a suit against the Plaintiff Concepcion S. Wabol for specific performance of leases signed on Lot Nos. 1897 B-3 and B-4. See Plaintiff's Complaint, Transamerica v. Wabol, Civil Action No. 93-441 (filed March 30, 1993).

Division, which required the court to conduct a hearing on any unjust enrichment issues raised.[5] We now hold that the Appellate Division lacks jurisdiction over the case and may not issue a mandate to the Superior Court; in turn, the issuance of the writ of possession by the Superior Court constituted an improper resumption of trial court jurisdiction. Under the circumstances, mandamus is warranted.

## I. Guidelines for the Issuance of a Writ of Mandamus by this Court

The guidelines we have adopted for the issuance of a writ of mandamus are:

[1] [the petitioner has] no other adequate means [available;]
[2] the petitioner will be damaged or prejudiced in a way not correctable on appeal[;]
[3] the lower court's order is clearly erroneous as a matter of law[;]
[4] the lower court's order is an oft-repeated error, or manifests a persistent disregard of applicable rules[; and]
[5] the lower court's order raises new and important problems, or issues of law of first impression.

Tenorio v. Superior Court, No. 89-002, slip op. at 6-7 (N.M.I. Nov. 14, 1989) (cited in and followed by CNMI v. Superior Court, Orig. Action No. 90-002, slip op. at 7-8 (N.M.I. June 28, 1990) (citations omitted), aff'd in part, rev'd in part on other grounds and remanded sub nom, CNMI v. Mendiola, 976 F.2d 475 (9th Cir. Sept. 23, 1992), as amended on other grounds, No. 91-0093, slip op. at 293 (9th Cir. Jan. 14, 1993)).

A determination by this court of whether a writ of mandamus should issue calls for a cumulative consideration and balancing of these factors. Tenorio, slip op. at 7. We conclude that the assumption of jurisdiction and issuance of the writ of possession by the Superior Court were clearly erroneous, necessitating the issuance of a writ of mandamus.[6]

---

[5] The Petitioners have also raised, as grounds for a writ of mandamus, the new leases entered into between Wabol and Transamerica and the failure of the Superior Court to determine the issues of restitution and unjust enrichment. We conclude that those issues can adequately be addressed in the regular appeal.

[6] We need not consider the other factors enunciated in Tenorio in view of the clear jurisdictional error. Cf. Borja v. District Court for the Northern Mariana Islands, 919 F.2d 100 (1990), and Mafnas v. Dist. Court for the Northern Mariana Islands, 919 F.2d 101 (9th Cir. 1990), in which the Ninth Circuit set aside similar mandates issued by the Appellate Division to the Commonwealth Superior Court. See Borja, 919 F.2d at 101; Mafnas, 919 F.2d at 103.

## II. Superior Court's Receipt of and Action on Improperly Issued Mandate Constitutes Improper Assumption of Jurisdiction

■ We have previously ruled that mandamus is appropriate where the trial court assumed jurisdiction based on a mandate from the District Court Appellate Division which no longer had jurisdiction over the case. See, e.g., Mafnas v. Superior Court, No. 90-003 (N.M.I. June 28, 1990) (enforcement of mandate void for lack of jurisdiction of the issuing court clearly erroneous); Vaughn v. Bank of Guam, No. 89-004 (N.M.I. June 6, 1990).

### A. Local laws vest appellate jurisdiction over the Superior Court in this Court.

■ The Appellate Division's jurisdiction over the Superior Court is dictated by CNMI law. CNMI v. Mendiola, 976 F.2d 475, 480 (9th Cir. Sept. 23, 1992), as amended on other grounds, No. 91-0093, slip op. at 293 (9th Cir. Jan. 14, 1993) (order and amended opinion). See also generally Wabol v. Villacrusis, No. 89-005, slip op. at 4-10 (Dec. 11, 1989), appeal pending with the Ninth Circuit;[7] Vaughn, No. 89-004, slip op. at 5-8; 48 U.S.C. § 1694b (a), P.L. 94-454, 98 Stat. 1744 (1988).[8]

■ Case law from this court and the Ninth Circuit is consistent regarding the District Court Appellate Division's lack of jurisdiction over Commonwealth cases, pending or future, upon the effective date of the Reorganization Act, and it is this court to which such jurisdiction has been consigned. See, e.g., CNMI v. Superior Court, slip op. at 3-7; Mafnas,

---

[7] Although Wabol is pending before the Ninth Circuit, the jurisdictional rule enunciated therein regarding the Appellate Division is consistent with Wabol v. Villacrusis, 898 F.2d 1381, amended by, 908 F.2d 411 (1990), and 958 F.2d 1450 (9th Cir. 1992), in which the Ninth Circuit found that Appellate Division cases from which an appeal had been filed prior to the effective date of the Act were properly before that court but that the Appellate Division was divested of all jurisdiction over appeals from the CNMI Superior Court both pending and future. See Wabol, 908 F.2d at 417-19.

[8] [T]he district court shall have such appellate jurisdiction . . . as the Constitution and laws of the Northern Mariana Islands provide . . . .

48 U.S.C. § 1694b (a), P.L. 94-454, 98 Stat. 1744 (Oct. 5, 1984) (1988).

slip op. at 4; CNMI v. Bordallo, No. 90-003, slip op. at 3-4 (N.M.I. June 8, 1990) (Appellate Division opinion issued six days subsequent to the effective date of the Act void). Cf. Vaughn, slip op. at 4-6. This lack of jurisdiction in the Appellate Division extends to remand orders issued as of the effective date of the Reorganization Act.[9]

B. *Divestment of Appellate Division Jurisdiction Proscribes Issuance of Remand Order.*

In Mafnas, we issued a writ of mandamus directed at the Superior Court. We specifically held that the mandate from the Appellate Division was null and void, as the Appellate Division no longer had jurisdiction. Mafnas, No. No. 90-003, slip op. at 4-5. See also Bordallo, slip op. at 3-4. Additionally, in two procedurally similar cases, the Ninth Circuit held that a mandate issued by the Appellate Division after the effective date of the Reorganization Act is void, regardless of whether it heard the original appeal or not. See Borja v. Dist. Court for the Northern Mariana Islands, 919 F.2d 100 (9th Cir. 1990); Mafnas v. Dist. Court for the Northern Mariana Islands, 919 F.2d 101 (9th Cir. 1990). Indeed, the Appellate Division acknowledged, in its January 4, 1993, order of remand to the Superior Court, that the Reorganization Act, completely divested that court "retroactively" of jurisdiction, "even to issue a mandate in a case in which that would be the only act remaining." Wabol v. Muna, DCA No. 86-9006, slip op. at 1 n.1 (January 4, 1993) (order of remand) (citing and quoting parenthetically Borja, 919 F.2d at 101).

*Ordinarily, a writ of mandamus will not be issued for the improper assumption of*

_____

[9] At oral argument the parties agreed that if the Ninth Circuit mandate had been channelled through this Court, instead of the Appellate Division of the District Court, the Superior Court would have resumed proper jurisdiction. Such a conclusion is premature. Until the Ninth Circuit addresses our jurisdictional ruling in Wabol, see supra page 3, where we ruled that the Ninth Circuit lost jurisdiction in this case by virtue of the Commonwealth Judicial Reorganization Act, that issue remains unresolved. In other words, if in fact, the Ninth Circuit has been divested of jurisdiction since May 2, 1989, then the December 2, 1992, opinion of that Circuit affirming the Appellate Division is itself void for lack of jurisdiction. In that case, even if the mandate is channelled through us, the Superior Court would not resume proper jurisdiction.

552

jurisdiction where the assumption is supported by a rational and substantial argument. Tenorio, slip op. at 5. However, because this particular issue has been clearly settled, we find that any argument for jurisdiction cannot be reasonably maintained. Further, we note that the transcripts of the proceedings below indicate that the trial court did not give due regard to the jurisdictional argument advanced by Transamerica and the Petitioners.

### CONCLUSION

Based on the foregoing, it is **ORDERED** that the petition for writ of mandamus vacating the Superior Court's writ of possession is hereby **GRANTED**.

Entered this _28th_ day of _June_, 1993

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Justice

_____
PEDRO M. ATALIG, Justice