**Marian ALDAN–PIERCE,
Plaintiff–Appellant,**

v.

**Leocadio C. MAFNAS, Defendant–
Appellee.**

**No. 91–16240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1992.

Opinion Filed Dec. 13, 1993.

Opinion Withdrawn Aug. 4, 1994.

Decided Aug. 4, 1994.

Marybeth Herald, Bergsma & Herald, San Diego, CA, for plaintiff-appellant.

Theodore R. Mitchell, Saipan, CM, for defendant-appellee.

Daniel MacMeekin, MacMeekin & Woodworth, Washington, DC, for amicus.

Before: NORRIS, BEEZER, and KLEINFELD, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Marian Aldan–Pierce, Plaintiff–Appellant, appeals from a final judgment of the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI Supreme Court") reversing the judgment of the Commonwealth of the Northern Mariana Islands Superior Court ("CNMI Superior Court") in favor of Aldan–Pierce in a title dispute. We reverse and reinstate the CNMI Superior Court's judgment.

I

In September, 1984, Antonia Villagomez entered into an option agreement with Leocadio Mafnas for the sale of certain real property in the Commonwealth of the Northern Mariana Islands ("CNMI"). Villagomez exercised the option within the applicable time period, but Mafnas refused to perform. Villagomez subsequently assigned her rights under the agreement to Plaintiff–Appellant Aldan–Pierce for consideration.

Villagomez, Aldan–Pierce and Mafnas are persons of Northern Mariana descent. Randall Fennell and Brian McMahon, two persons not of Northern Mariana descent, entered into an agreement with Villagomez, and then Aldan–Pierce, to provide the purchase price for the exercise of the option in exchange for the maximum leasehold interest allowed by law. When Mafnas refused to comply with the option agreement, Aldan–Pierce, in March, 1986, filed an action in the CNMI Superior Court against Mafnas to enforce the option agreement.

The Commonwealth trial court rejected Mafnas' claim that the agreement between Villagomez and Fennell and McMahon violated Article 12 of the CNMI Constitution that limits the purchase of permanent and long term interests in land to persons not of Northern Mariana descent and granted summary judgment in favor of Aldan–Pierce. The Appellate Division of the United States District Court of the Commonwealth of the Northern Mariana Islands ("Appellate Division") affirmed the trial court's ruling in favor of Aldan–Pierce. Mafnas then appealed to this court. After oral argument on February 16, 1989, the panel delayed submission of this appeal pending the decision of *Wabol v. Villacrusis*, 898 F.2d 1381, *amended*, at 1387 & n. 11 (9th Cir.1990).

On May 2, 1989, the Commonwealth Judicial Reorganization Act (P.L. 6–25) ("Act") became law. The Act withdrew the jurisdiction of the District Court to hear appeals from local CNMI courts and transferred appellate jurisdiction to a new CNMI Supreme Court. The final decisions of the new CNMI Supreme Court became appealable to the Ninth Circuit for fifteen years, after which they will be appealed, by petition for writ of certiorari, to the United States Supreme Court. On May 15, 1989, Mafnas filed a notice of appeal from the original trial court decision with the CNMI Supreme Court. On March 14, 1990, the CNMI Supreme Court issued an order providing for the transfer of appeals from decisions of the CNMI Superior Court then pending before the Appellate Division to the CNMI Supreme Court.[1] *In re Pending Appeals as of May 2, 1989 in the Appellate Division of the District Court,* (March 14, 1990). Subsequently, Mafnas filed a motion for voluntary dismissal of his appeal before this court, which we granted on March 29, 1990.

Upon our dismissal of Mafnas' appeal, the Appellate Division issued its mandate stating that its decision would stand as issued. Mafnas petitioned this court for a writ of mandamus "directing the Appellate Division of the United States District Court for the Northern Mariana Islands to recall and vacate its mandate issued April 16, 1990." *Mafnas v. United States District Court for the Northern Mariana Islands,* 919 F.2d 101, 102 (9th Cir.1990) ("*Mafnas I*"). We granted the petition for writ of mandamus and vacated the mandate. *Id.* at 103. We reasoned that since the Act stripped the Appellate Division of jurisdiction over all cases in which its mandate had not issued, as of May 2, 1989, the Appellate Division no longer had jurisdiction to issue a mandate in this case. *Id.* at 102–03.

The CNMI Supreme Court also issued a writ of prohibition to the CNMI Superior Court instructing it to disregard the Appellate Division's mandate. When Aldan–Pierce appealed the writ to this court, we dismissed the petition as moot in light of *Mafnas I. Mafnas v. Superior Court,* 936 F.2d 1068, 1071 (9th Cir.1991) ("*Mafnas II*").

## II

■ This case is once again before us for a determination on the merits. Aldan–Pierce appeals the Commonwealth Supreme Court's decision to reverse the trial court ruling and grant summary judgment in favor of Mafnas. We have jurisdiction pursuant to 48 U.S.C. § 1694c(a). *See Wabol,* 958 F.2d at 1456 n. 8. Whether the CNMI Supreme Court possessed jurisdiction to rehear this case on the merits is a question of law reviewed *de novo. See Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Aldan–Pierce argues that the Commonwealth Supreme Court did not have authority to rehear Mafnas' appeal. We agree.

■ When this court dismissed Mafnas' appeal from the judgment of the Appellate Division, the judgment of the CNMI Superior Court became final and unreviewable by any appellate court. *See Wabol,* 958 F.2d at 1456 ("Nothing in the Covenant can be construed to grant authority to NMI to amend or circumvent the express provision that all appeals from the appellate division of the district court must be heard by this court, without limitation."). As the successor to the Appellate Division's jurisdictional power under the Commonwealth Judicial Reorganization Act of 1989, the CNMI Supreme Court assumed no greater jurisdictional power over this case than the Appellate Division had after our dismissal.[2] Since our dismissal left

---

1. In *Wabol v. Villacrusis,* 958 F.2d 1450 (9th Cir.1990), we held that the CNMI had no authority to divest the Ninth Circuit of jurisdiction over appeals that were pending before it on the date CNMI Pub.L. 6–25 was enacted.

2. Nor did the CNMI Supreme Court assume jurisdiction to hear the merits as a result of Mafnas' May 15, 1989, appeal of the trial court judgment to the CNMI Supreme Court. As we explained in *Wabol,* the "NMI is without power under the Covenant to divest this court of jurisdiction over appeals properly filed from a final order of the appellate division of the district court entered before the passage of the Act." *Wabol,* 958 F.2d at 1458. Mafnas could not accomplish by notice of appeal to the CNMI Supreme Court what the NMI could not accomplish by statute.

the Appellate Division with no jurisdiction to disturb the judgment of the CNMI Superior Court, the CNMI Supreme Court had no jurisdiction to disturb that judgment.

*Mafnas I* and *Mafnas II* are not to the contrary. In *Mafnas I* we addressed the jurisdiction of the Appellate Division to issue a mandate in this case. In *Mafnas II* we refused to reach the issue of the propriety of the CNMI Supreme Court's writ of prohibition since the issue was moot. Neither case addresses the scope of the CNMI Supreme Court's jurisdiction following our dismissal of Mafnas' appeal from the Appellate Division.

Any reliance on our statement in *Mafnas II* that "[w]e are confident that once the Commonwealth Supreme Court has reached a decision on the merits in this case, any issues which remain in dispute will find their way back to this court" to support the CNMI Supreme Court's jurisdiction to rehear this case on the merits is misplaced. *Mafnas II,* 936 F.2d at 1072. We must reject the dicta in *Mafnas II* which anticipates a decision on the merits by the new CNMI Supreme Court. The Act does no more than shift the jurisdiction to issue the mandate from the district court to the CNMI Supreme Court. Any suggestion to the contrary in *Mafnas II* was in error.[3] We hold that, as the successor to the Appellate Division's jurisdiction, the CNMI Supreme Court's jurisdiction in this case was limited to issuing a mandate affirming the judgment of the Superior Court.

The judgment of the CNMI Supreme Court is REVERSED and the judgment of the CNMI Superior Court is reinstated as final and unreviewable.

---

**3.** *Mafnas II* also noted that Aldan–Pierce had twice petitioned for a writ of prohibition to prevent the CNMI Supreme Court from asserting jurisdiction over Mafnas' appeal. *Mafnas II,* 936 F.2d at 1070 n. 2. The denial of those petitions reflects only our unwillingness to grant the extraordinary relief of the writ. Our refusal to issue the writ did not constitute a holding with respect to the scope of the CNMI Supreme Court's jurisdiction.