33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMONWEALTH OF the NORTHERN MARIANA ISLANDS, Plaintiff-Appellee,
v.
Antonio T. CONDINO, Defendant-Appellant.
 No. 93-10470.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided Aug. 10, 1994.
 
 1
 Before: FARRIS, BEEZER and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Antonio Condino appeals the decision of the CNMI Supreme Court affirming his conviction for sexual abuse of a child under Title 6, Sec. 1311 of the Commonwealth Code. We have jurisdiction under 48 U.S.C. Sec. 1694c(a).[1] See Aldan-Pierce v. Mafnas, 11 F.3d 923, 924 (9th Cir.1993) (final decisions of CNMI Supreme Court appealable to the Ninth Circuit for fifteen years 1989)
 
 
 4
 STANDARD OF REVIEW OF CNMI SUPREME COURT'S DECISION
 
 
 5
 Since the CNMI Supreme Court is an intermediate appellate court, its decisions are reviewed de novo. See Guam v. Ignacio, 10 F.3d 608, 611 (9th Cir.1993) (decisions of District Court of Guam, Appellate Division are reviewed de novo). Thus, we review decisions of the CNMI Superior Court as if they had not been heard previously by an appellate court. Id.
 
 I. Confrontation Clause
 
 6
 Condino contends that his Confrontation Clause rights were violated by the superior court's admission of T.S.'s hearsay statements. We reject his arguments.
 
 A. Unavailability
 
 7
 Condino argues that (1) a showing of unavailability was a prerequisite to the introduction of T.S.'s hearsay statements and (2) T.S. was not "unavailable" to testify. Our review of the record indicates that although Condino objected to the admission of T.S.'s hearsay statements, he did not object on the basis that T.S. was "available" to testify. We therefore review for plain error. United States v. Dischner, 974 F.2d 1502, 1513 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); Silber v. United States, 370 U.S. 717 (1962).
 
 
 8
 The residual exception to the hearsay rule, Commonwealth Rule of Evidence 803(24), does not require a showing of unavailability prior to the introduction of a hearsay statement. The issue presented by Condino, however, is whether the Confrontation Clause requires such a showing. The Supreme Court has held that the Confrontation Clause does not require a showing that the declarant is "unavailable" to testify when a party seeks to admit hearsay statements under "firmly rooted" hearsay exceptions such as the excited utterance and medical declaration exceptions. White v. Illinois, 112 S.Ct. 736, 743 (1992). Residual hearsay exceptions are not "firmly rooted." See Idaho v. Wright, 497 U.S. 805, 817 (1990). The Court has also indicated that for a hearsay statement to be admissible under a residual exception, it must be "at least as reliable as evidence admitted under a firmly rooted hearsay exception." Id. at 821. It follows logically, that if the prosecution can establish that a residual hearsay statement is "at least as reliable as evidence admitted under a firmly rooted hearsay exception," such a statement should be admissible regardless of whether the declarant is unavailable to testify. We acknowledge that the Supreme Court has yet to address this issue. However, on plain error review, we may not reverse a trial court's ruling unless the error is clear under current law. See United States v. Olano, 113 S.Ct. 1770, 1777 (1993).[2]
 
 B. Reliability
 
 9
 Condino properly objected at trial and on appeal to the admission of the hearsay statements on the basis that they did not contain sufficient guarantees of trustworthiness. Although evidentiary rulings are generally reviewed for abuse of discretion, alleged violations of the Confrontation Clause are reviewed de novo. United States v. George, 960 F.2d 97, 98 (9th Cir.1992).
 
 
 10
 Because T.S.'s hearsay statements do not fall within a "firmly rooted" hearsay exception, they are "presumptively unreliable and inadmissible for Confrontation Clause purposes, and must be excluded at least absent a showing of particularized guarantees of trustworthiness." Idaho v. Wright, 497 U.S. 805, 818 (1990) (citations omitted). To be admissible, "hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." Id. at 822. The threshold inquiry is whether the statements are "so trustworthy that adversarial testing would add little to [their] reliability." Id. at 821. In Wright, the Supreme Court enumerated a non-exclusive list of factors relevant to determining whether a child's hearsay statements are reliable. Those include 1) spontaneity and consistent repetition, 2) mental state of the declarant, 3) use of terminology unexpected of a child of similar age, and 4) lack of motive to fabricate. Id. at 821-22 (citing state and federal cases).
 
 
 11
 To the extent the CNMI Supreme Court relied on physical evidence that tended to corroborate T.S.'s hearsay statements, it erred. We conduct our own independent review of the record to determine whether T.S.'s statements contained particularized guarantees of trustworthiness.
 
 
 12
 We agree with Condino that some factors weigh against admitting T.S.'s testimony. For example, T.S.'s statements were apparently not spontaneous (she was questioned for approximately two hours). In addition, the questioning was conducted by police officers, which may have affected T.S.'s mental state.
 
 
 13
 Under proper circumstances, we have upheld the admission of hearsay statements made by a child to an investigating officer. See United States v. George, 960 F.2d 97, 100 (9th Cir.1992) (upholding admission of child's hearsay statements where 1) child lacked motive to fabricate; 2) language was that expected of a child, and 3) there was no evidence of leading questions). Such circumstances exist here. The pivotal factor is that T.S. had no motive to fabricate. Unrefuted evidence in the record suggests that she was in love with Condino and did not want to see him go to prison. We also note that unlike the often coercive nature of questioning that takes place at a police station, the investigating officers questioned T.S. in her own home and in the presence of her female guardian. We are convinced that adversarial testing of T.S. at trial would not have added or detracted from the reliability of her statement that she had sexual intercourse with Condino. The superior court did not err in admitting T.S.'s hearsay statements.
 
 II. Condino's Confession
 
 14
 Condino contends that his confession should have been suppressed because it was not voluntary. Condino did not raise this issue on appeal before the CNMI Supreme Court. We nevertheless consider the issue on its merits to prevent "manifest injustice."[3] Guam v. Reyes, 879 F.2d 646 (9th Cir.1989) (waiver rule not applied to party's failure to properly raise issue before District Court of Guam, Appellate Division). We review the voluntariness of the confession de novo. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992).
 
 
 15
 Condino argues that (1) he signed a "defective" waiver of his right to counsel and was not aware of his right to counsel when he signed the confession, (2) he was threatened and intimidated, and (3) English is not his native language.
 
 
 16
 A. The "Your Constitutional Rights Form"
 
 
 17
 Condino's waiver of his right to counsel was obtained using a "Your Constitutional Rights Form" that contained Miranda warnings identical to the warnings we found to be misleading in CNMI v. Mendiola, 976 F.2d 475, 483 (9th Cir.1992). Condino's failure to question the validity of the Your Constitutional Rights Form before the superior court does not constitute a waiver of the issue because Mendiola was decided after Condino had been convicted. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991) (new issue arising from change in law during pendency of appeal is reviewable).
 
 
 18
 The "Your Constitutional Rights Form" contains the following statement:
 
 
 19
 I am required by law to make a reasonable effort to send a message by telephone, cable, wireless, messenger or other faster means to a lawyer or counsel, member of your family, your employer or your employer's representative if you so request, if such message can be sent without expense to the government or you pay in advance any expense there may be to the government.
 
 
 20
 The form also provides that the defendant has a right to a lawyer while he is being questioned and that "[i]f you want a lawyer but are unable to pay for one, a lawyer will be appointed to represent you free of any cost to you."
 
 
 21
 In Mendiola, we held that this form was misleading because "Mendiola's ability to draw the inference that he was entitled to appointed counsel before and during questioning was made more tenuous by the initial statement that a lawyer or other person would not be contacted unless it could be accomplished at no cost to the government." Id. at 483. We did not, however, decide whether the deficient form alone rendered Mendiola's confession inadmissible since the "totality of the circumstances" required suppression. Id. In this case, there are no other circumstances that militate in favor of suppression of the confession. See discussion in parts II(B) and II(C), infra. We must therefore decide whether the "Your Constitutional Rights Form" warnings warrant suppression of Condino's confession.
 
 
 22
 In Duckworth v. Eagan, 492 U.S. 195 (1989), the defendant's Miranda warnings included the following statements:
 
 
 23
 You have a right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court.
 
 
 24
 Id. at 198 (emphasis added). The Seventh Circuit had held that the above-underlined sentence suggested that only those "accused who can afford an attorney have the right to have one present before answering any questions." Id. at 203 (citing 843 F.2d at 1557). The Supreme Court reversed, holding that the warnings given, "in their totality, satisfied Miranda." The difference between the warnings Condino received from the Your Constitutional Rights Form and those in Duckworth is marginal. On the authority of Duckworth, we conclude that the Your Constitutional Rights Form alone does not warrant suppression of Condino's confession.
 
 B. Threats and Intimidation
 
 25
 Condino contends that he was threatened and intimidated by the interrogating officers prior to signing his confession. The superior court held an evidentiary hearing. Condino's testimony that he was threatened by an unidentified police officer conflicts with the testimony of the police officers. The superior court made a reasoned decision based upon the evidence before it.
 
 
 26
 C. Condino's Inability to Understand English
 
 
 27
 Condino does not claim that he did not understand any particular words in the Miranda warnings. Instead, he claims that the warnings were read too quickly for him to understand them. A trial court's determination that a waiver was knowing and intelligent is reviewed for clear error. Collazo, 940 F.2d at 416.
 
 
 28
 The superior court concluded that Condino was proficient enough in the English language to understand and waive his rights. Ample evidence in the record supports that conclusion. The superior court had the opportunity to observe Condino and evaluate his ability to speak and understand English. Numerous police officers testified that Condino acknowledged to them that he understood his rights. The only language T.S. and Condino could communicate in was English. Thus, while the record establishes that Condino's English is not perfect, the superior court did not err in concluding that he understood, and knowingly and intelligently waived, his rights.
 
 
 29
 In his reply brief, Condino also argues that his due process rights were violated because Miranda warnings were not read to him in his native tongue, Filipino. This argument was not raised before the superior court or the CNMI Supreme Court, nor was it raised in Condino's opening brief before this court. Because the argument was raised too late, we do not address its merits. See Fed.R.App.P. 28(a) (Opening Brief of appellant must contain a statement of the issues presented for review and argument supporting appellant's contentions); United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992).
 
 
 30
 The judgment of the CNMI Supreme Court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1694c(a) provides that
 [F]or the first fifteen years following the establishment of an appellate court of the Norther Mariana Islands the United States Court of Appeals [for the Ninth Circuit] ... will have jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands from which a decision could be had in all cases involving the Constitution, treaties or laws of the United States.
 The CNMI Supreme Court was established as the appellate court of the Northern Mariana Islands in 1989. Thus, we have jurisdiction over appeals from final decisions of the CNMI Supreme Court for a fifteen year period beginning in 1989. See Aldan Pierce v. Mafnas, 11 F.3d 923, 924 (9th Cir.1993); CNMI v. Mendiola, 976 F.2d 475, 481 (9th Cir.1992).
 
 
 [2]
 Since it would not have constituted plain error to admit T.S.'s hearsay statements under the residual exception even if she had been available to testify, we need not decide whether the superior court correctly decided that T.S. was, in fact, unavailable to testify
 
 
 [3]
 Since we hold that Condino's failure to raise this argument before CNMI Supreme Court did not constitute a waiver, we need not address whether appellate counsel's failure to raise the issue before the CNMI Supreme Court on appeal deprived Condino of his right to effective assistance of appellate counsel