97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmela S. TAMONDONG; Roberto S. Tamondong; Juanita F.
Sentinellar, Plaintiffs-Appellants,
v.
Alex TUDELA; Micronesian Repairs, dba Motion Automotive
Repair Center, Inc.; Tand Consultancy,
Defendants-Appellees.
 No. 95-15415.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided Sept. 5, 1996.
 
 Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Carmela Tamondong, Roberto Tamondong, and Juanita Sentinellar appeal the United States District Court for the Northern Mariana Islands' dismissal with prejudice for lack of jurisdiction in their action against Alex Tudela and others, alleging breach of contract and other causes of action. We affirm the dismissal for lack of jurisdiction but remand with direction to dismiss without prejudice.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Carmela and Roberto Tamondong and Juanita Sentinellar brought this action in diversity against Alex Tudela and Tudela's corporations in the United States District Court for the Northern Mariana Islands. Their complaint alleged individual claims for breach of implied contract, breach of contract, conversion, and violation of a Commonwealth of Northern Mariana Islands statute. They prayed "jointly and severally for an award of monetary damages exceeding $50,000.00 (sic)." Tudela moved to dismiss for lack of jurisdiction because, under 28 U.S.C. § 1332(a), each plaintiff must claim damages in excess of $50,000 for diversity jurisdiction to exist. The district court granted the motion and dismissed the action with prejudice. Appellants timely filed their appeal.
 
 STANDARD OF REVIEW
 
 4
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995).
 
 ANALYSIS
 
 5
 The jurisdiction of the District Court for the Northern Mariana Islands is set forth at 48 U.S.C. 1822:
 
 
 6
 (a) The District court for the Northern Mariana Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28 and that of a bankruptcy court of the United States.
 
 
 7
 (b) The district court shall have original jurisdiction in all causes in the Northern Mariana Islands not described in subsection (a) of this section jurisdiction over which is not vested by the Constitution or laws of the Northern Mariana Islands.... 48 U.S.C. § 1822 (1996).
 
 
 8
 Original jurisdiction "over all civil actions, in law and in equity" in the Commonwealth of the Northern Mariana Islands was vested in the Superior Court of the Northern Mariana Islands in 1989. 1 C.M.C. § 3202. Thus, the United States District Court for the Northern Mariana Islands no longer has jurisdiction over these actions under 48 U.S.C. § 1822(b). Cf. Commonwealth of Northern Mariana Islands v. Kawano, 917 F.2d 379, 381 (9th Cir.1990), cert. denied, 499 U.S. 910 (1991) (under similar statutory scheme, Appellate Division of United States District Court no longer had jurisdiction over appeals from courts of Northern Mariana Islands once local appellate court established).
 
 
 9
 Section 1822(a) confers on the District Court "the diversity jurisdiction provided for in section 1332 of Title 28." Section 1332(a) requires that the amount in controversy exceed $50,000. 28 U.S.C. § 1332(a). The claims of individual plaintiffs cannot be aggregated to meet this requirement. Snyder v. Harris, 394 U.S. 322, 335 (1969). In this action the complaint did not allege that each plaintiff had a claim in excess of $50,000. Thus, it was properly dismissed.
 
 
 10
 Appellants assert that dismissal with prejudice was improper because they each have a claim in excess of $50,000. Alternatively, their claims may properly be brought in the Commonwealth courts. Thus, the district court erred in dismissing the action with prejudice.
 
 CONCLUSION
 
 11
 The dismissal for lack of jurisdiction is AFFIRMED but REMANDED with direction to dismiss without prejudice.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3