Marian **Aldan-Pierce**,
Plaintiff/Appellee,
v.
Leocadio C. **Mafnas**,
Defendants/Appellants.
Appeal No. 97-008
Civil Action No. 86-0086
April 26, 1999

Argued and Submitted September 29, 1998

Counsel for appellant: Theodore R. Mitchell and Jeanne H. Rayphand, Saipan.

Counsel for appellee: Charles Rotbart (Randall T. Fennell), Saipan.

BEFORE: DEMAPAN, Acting Chief Justice[1], ONERHEIM, and MANGLONA, Justices Pro Tem.

PER CURIAM:

¶1    ■ Leocadio C. Mafnas ("Mafnas") appeals the trial court's order of February 19, 1998, denying Mafnas' Rule 60(b) motion. We have jurisdiction pursuant to Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3(1997). We affirm.

### ISSUE PRESENTED AND STANDARD OF REVIEW

¶2    The issue before this court is whether the trial court erred in denying appellant's motion for relief from judgment pursuant to Rule 60(b) in its February 18, 1997, order.

¶3    ■ We review the trial court's denial of appellant's motion for relief under an abuse of discretion standard. Under the abuse of discretion standard we may reverse the trial court if its decision is based on a clearly erroneous finding of material fact, or if it did not apply the correct law. *Pangelinan v. Itaman*, 4 N.M.I. 114, 118 (1994); *see also, Lucky Development Co., Ltd. v. Tokai, U.S.A., Inc.*, 3 N.M.I. 79, 84 (1992).

### FACTUAL AND PROCEDURAL BACKGROUND

¶4    This case originated twelve years ago in 1986 and involves a long and complicated factual and procedural history. Only the pertinent facts and procedure are summarized below.

¶5    In 1986, the trial court granted summary judgment in favor of Marian Aldan-Pierce ("Aldan-Pierce"), concluding that the land transaction at issue did not violate Article XII of the Commonwealth Constitution. *Aldan-Pierce v. Mafnas*, 2 CR 855 (N.M.I. Trial Ct.1986). In 1987, the appellate division affirmed the trial court's judgment, rejecting the Article XII arguments. *Aldan-Pierce v. Mafnas*, 3 CR 327 (1987).

¶6    On June 18, 1991, the Ninth Circuit Court of Appeals dismissed the appeal as moot, ruling that the court had "already achieved the same result" when it issued its own writ in response to Mafnas' petition. *Mafnas v. Superior Court of the Commonwealth of the Northern Mariana Islands*, 936 F.2d 1068, 1071 (9th Cir. 1991).

¶7    On July 5, 1991, this Court issued an opinion asserting jurisdiction, reversing the trial court's grant of summary judgment and granting summary judgment in Mafnas' favor. The Court found the transaction gave rise to an impermissible resulting trust in favor of the two non-Northern Mariana descendants, giving them fee title in violation of Article XII. *Aldan-Pierce v. Mafnas,* 2 N.M.I. 122 (1991).

¶8    On August 4, 1994, the Ninth Circuit reversed this Court, ruling that when it granted Mafnas' motion to voluntarily dismiss the appeal from the Appellate Division's decision, the original decision and judgment of the Commonwealth Trial Court became "final and un-reviewable by any appellate court." *Aldan-Pierce v. Mafnas*, 31 F.3d 756, 758 (9th Cir. 1994). On January 17, 1995, the United States Supreme Court denied the petition for writ of certiori. *Aldan-Pierce v. Mafnas.* 2 N.M.I. 122 (1992), *rev'd*, 31 F.3d 756 (9th Cir. 1994), *cert. denied* __U.S.__,130 L.Ed. 2d 794 (1995).

¶9    On September 20, 1995, the Commonwealth Supreme Court, citing the August 4, 1994, Ninth Circuit decision reinstating the trial court's judgment, issued a mandate and affirmed the trial court's judgment. *Aldan-Pierce v. Mafnas*, No. 89-003 (N.M.I. Sept. 20, 1995) (Mandate).

¶10    On December 19, 1996, Mafnas moved in trial court for relief from judgment pursuant to Rule 60(b) of the Rules of Civil Procedure to set aside the October 15, 1986, trial court judgment. On February 18, 1997, the trial court denied Mafnas' Rule 60(b) motion for relief from judgment. Appellants timely appealed.

### ANALYSIS

¶11    Mafnas asserts that the Ninth Circuit's 1994 decision in *Aldan-Pierce v. Mafnas*, 31 F.3d 756, infringed upon the judicial function of the Commonwealth Supreme Court, was clearly erroneous, and constitutes manifest injustice. Pursuant to Rule 60(b), Mafnas moved the trial court for relief from judgment in order to prevent "manifest injustice." Aldan-Pierce claims the trial court was well within its discretion to deny Mafnas' Rule 60(b) motion.

¶12    Rule 60(b) states in relevant part:

> On motion and upon such terms that are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons:
>    *        *        *
> (6) any other reason justifying relief from the operation of the judgment.

Com. R. Civ. P. 60(b).

¶13    The Ninth Circuit held that "[a]s a successor to the Appellate Division's jurisdiction the CNMI Supreme

---

[1] The honorable Miguel S. Demapan was sitting as Associate Justice when this appeal was argued and submitted, and has since been appointed acting Chief Justice.

Court's jurisdiction in this case was limited to issuing a mandate affirming the judgment of the Superior Court." *Aldan-Pierce v. Mafnas*, 31 F.3d at 759. The mandate issued by the Ninth Circuit on August 4, 1994, directed this Court to carry the decision of the Appellate Division into effect. In accordance with the instructions from the Ninth Circuit, this Court issued a mandate on September 20, 1995.

¶14 ■ "Specific to the rule of mandate, the lower court, upon receiving the mandate of an appellate court, is under a duty to strictly comply with the mandate and to obey the directions therein without variation. Actions of the lower court not in conformity with the directions are 'void'. This is true even though the mandate may be erroneous." *Wabol v. Villacrusis*, 4 N.M.I. 314, 317 (1995); *(citing Loren v. E'Saipan Motors, Inc.*, 1 N.M.I. 133, 137-138 (1990)). The trial court could not grant relief without violating a fundamental tenet of our judicial system, that a lower court cannot disregard the rulings of a higher court in the same case. Therefore the trial court was within its sound discretion in denying the Rule 60(b) motion.[2]

¶15 The trial court had a duty to comply with the mandate, regardless of its perception of the propriety of the decision. *Wabol v. Villacrusis*, 4 N.M.I. at 319. The Ninth Circuit has spoken and we must respect its decision.[3] The trial court must similarly respect our mandate and decision, which it properly did. While the issues raised and the relief sought are difficult and sensitive, they do not rise to the level where we should circumvent the prior rulings of this court or higher courts.

¶16 Departure from the denial of the Rule 60(b) motion involving our mandate would frustrate the important purposes of finality. The importance of finality has been stated as follows:

> [Finality] is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial

determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgment of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Ute Indian Tribe of Uintah & Ouray Res v. Utah*, 114 F. 3d 1513 (10th Cir. 1997), *(citing Southern Pac. Ry. Co. v. United States*, 168 U.S. 1, 49, 18 S. Ct. 18, 27-28, 42 L.Ed. 355 (1897)).

¶17 ■ This court has already spoken on the important principles of finality in respect to law of the case. The policy underlying this doctrine is one of finality of court decisions. *Wabol*, 4 N.M.I. at 318. Law of the case principles are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated re-argument by indefatigable diehards. *Id.; (citing Camacho v. J.C. Tenorio Enter., Inc.*, 2 N.M.I. 407, 413-14 (1992)); 18 C. Wright A. Miller & E. Cooper. *Federal Practice and Procedure Jurisdiction* § 4478 (1981). Similarly the policy underlying the law of mandate should also be one of finality of court decisions.

### CONCLUSION

¶18 Based on the reasoning stated above, we **AFFIRM** the judgment of the trial court denying the Rule 60(b) motion.

---

[2] "An appeal from a Rule 60(b) decision does not bring the original judgment up for review, but only the decision on the request for relief from judgment under Rule 60 (b)." *Fox v. Brewer*, 620 F.2d 177, 179-180 (8th Cir. 1980).

[3] Article IV, § 403 of the *Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America*, 48 U.S.C. § 1801 states in pertinent part: "[p]rovided that for the first fifteen years following the establishment of an appellate court of the Northern Mariana Islands the United States Court of Appeals for the judicial circuit which includes the Northern Mariana Islands will have jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands".