Leocadio C. MAFNAS,
Petitioner–Appellee,

v.

The SUPERIOR COURT OF the COMMONWEALTH OF NORTHERN MARIANA ISLANDS, Respondent–Appellee,

v.

Marian ALDAN–PIERCE,
Real–Party–in–Interest–Appellant.

No. 90–16078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1991.

Decided June 18, 1991.

Donald C. Williams, Carlsmith, Ball, Wichman, Murray, Case, Mukai and Ichiki, Saipan, MP, for real-party-in-interest-appellant.

Theodore R. Mitchell, Saipan, MP, for petitioner-appellee.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

The appellant and real-party-in-interest, Aldan–Pierce, appeals the Northern Mariana Islands Supreme Court's issuance of a writ of prohibition to the Northern Mariana Islands Superior Court instructing the trial court to disregard a mandate from the Appellate Division of the District Court for the Northern Mariana Islands.

## I.

The procedural background to this case is confusing due to what appears to be a race between the parties to find a court that will hold in their favor. The relevant facts of this case were set forth by this court in *Mafnas v. Dist. Court for Northern Mariana Islands*, 919 F.2d 101 (9th Cir.1990). They are as follows:

> Mafnas was the defendant in an enforcement action [arising out of an option agreement for land] filed by real party in interest Aldan–Pierce on March 4, 1986, in the trial court for the Commonwealth of the Northern Mariana Islands (Commonwealth). On October 15, 1986, the trial court granted summary judgment in favor of Aldan–Pierce. On October 16, 1986, Mafnas appealed to the appellate division for the United States District Court for the Commonwealth (appellate division) as then authorized by federal and Commonwealth law. *See* 48 U.S.C. § 1694b(a); 1 C.M.C. § 3301.
>
> On February 23, 1988, the appellate division ruled in favor of Aldan–Pierce. On February 26, 1988, Mafnas filed a notice of appeal to this court pursuant to 48 U.S.C. § 1694b and 28 U.S.C. § 1294. Oral argument was heard on February 16, 1989. On February 17, 1989, this court deferred its ruling pending a decision in *Wabol v. Villacrusis,* [908 F.2d 411 (9th Cir.1990) ].
>
> On May 2, 1989, the Commonwealth Judicial Reorganization Act (P.L. 6–25) (Act) became law. On May 15, 1989, Mafnas filed a notice of appeal from the original trial court decision with the newly created Commonwealth Supreme Court.
>
> On March 14, 1990, the Commonwealth Supreme Court issued an order giving each litigant involved in appeals then pending in the appellate division an opportunity to transfer his or her appeal to the Commonwealth Supreme Court. Order of Commonwealth Supreme Court, *In re Pending Appeals as of May 2, 1989*

*in the Appellate Division of the District Court,* (March 14, 1990).

On March 29, 1990, we granted Mafnas' motion to voluntarily dismiss his appeal to this court. Mafnas currently has an appeal of the trial court's October 15, 1986, judgment pending before the Commonwealth Supreme Court.

*Id.* at 102.

After the dismissal of Mafnas' appeal to this court and despite the pendency of Mafnas' appeal to the Commonwealth Supreme Court, the appellate division issued a mandate on April 16, 1990 which stated:

> March 29, 1990, order of the U.S. Court of Appeals for the Ninth Circuit dismissing this appeal in that court results in the Decision and Judgment of the Appellate Division being allowed to stand as issued.

*Id.* On June 8, 1990, Mafnas petitioned the Commonwealth Supreme Court to issue a writ of prohibition to the Superior Court ordering it to disregard the appellate division's mandate. This petition was granted on June 28, 1990.[1]

On July 4, 1990, Mafnas filed a petition for writ of mandamus with this court to order the appellate division to recall and vacate its mandate. This petition was granted on November 6, 1990. *See Mafnas,* 919 F.2d 101. The panel's opinion made no mention of the Commonwealth Supreme Court's previously issued writ of prohibition.[2]

Aldan–Pierce, as the real party in interest, is now appealing the Commonwealth Supreme Court's issuance of the writ of prohibition. This appeal was filed before this court's decision in *Mafnas* which vacated the mandate that was the subject of the writ of prohibition. We find that we have subject matter jurisdiction over this appeal and dismiss it as moot.

## II.

The threshold issue before us is one of jurisdiction. Mafnas contends that this court does not have jurisdiction over this appeal because the legality of the Commonwealth Supreme Court's writ of prohibition to the Commonwealth Superior Court implicates no federal questions. We may consider this appeal only if we find we have subject matter jurisdiction. *See Fiester v. Turner,* 783 F.2d 1474, 1475 (9th Cir.1986).

Because the Commonwealth Supreme Court is a recent creation, our appellate jurisdiction over its decisions is a question of first impression. The relationship between the Commonwealth of the Northern Mariana Islands and the United States is defined in the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union With the United States of America ("Covenant"), reprinted as amended in 48 U.S.C. § 1681 (note). Section 403 of the Covenant, codified at 48 U.S.C. § 1694c, establishes the relationship between the federal courts and those of the Northern Mariana Islands. It states in relevant part:

> The relations between the courts established by the Constitution or laws of the United States and the courts of the Northern Mariana Islands with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States including the Supreme Court of the Unit-

---

**1.** The Commonwealth Supreme Court heard oral argument on the merits of this case on July 30, 1990. At the time of oral argument in this case, no decision had yet been issued.

**2.** During this time, both parties filed several other motions and appeals. On April 24, 1990, Mafnas filed an appeal of the appellate division's mandate with this court, which was subsequently dismissed on August 10, 1990. (No. 90–15599) On the same day, he also filed an en banc motion with the appellate division asking it to recall its mandate. This motion was denied on June 28, 1990.

On June 18, 1990, Aldan–Pierce filed a petition for writ of prohibition with this court to prevent the Commonwealth Supreme Court from asserting jurisdiction over Mafnas' appeal. (No. 90–70309) The writ was denied on July 10, 1990. Aldan–Pierce then filed a second petition with this court on the same grounds. (No. 90–70342) This petition was dismissed on February 21, 1991 as moot in light of this court's grant of a mandamus petition in *Mafnas.*

ed States, and the courts of the several States in such matters and proceedings, except as otherwise provided in article IV of the covenant: *Provided, That for the first fifteen years following the establishment of an appellate court of the Northern Mariana Islands the United States court of appeals for the judicial circuit which includes the Northern Mariana Islands shall have jurisdiction of appeals from all final decisions of the highest court of the Northern Mariana Islands from which a decision could be had in all cases involving the Constitution, treaties, or laws of the United States, or any authority exercised thereunder, . . . .*

Covenant § 403(a), codified as amended 48 U.S.C. § 1694c(a) (emphasis added).

In 1989, the Commonwealth legislature approved the Commonwealth Judicial Reorganization Act of 1989, Public Law No. 6–25, Section 3109 (the "Act"). The Act reflects the legislature's intent to comply with the Covenant.

It is the purpose of this Act to withdraw the appellate jurisdiction previously invested in the District Court, and to transfer that jurisdiction to the Supreme Court of the Commonwealth which is created in this Act. It is the intent of the Legislature to recognize that until the expiration of fifteen years after the enactment of Public Law 1–5 *final decisions of the Commonwealth Supreme Court will be appealable to the United States Court of Appeals for the Ninth Circuit, as is provided by Section 403(a) of the Covenant,* and that upon the expiration of that period all final decisions of the Supreme Court will be appealable thereafter only to the United States Supreme Court.

Act, preamble, § 2 (emphasis added).

■ The plain language of the Act read in conjunction with § 403 of the Covenant requires that this court hear appeals from final decisions of the Commonwealth Su-

preme Court which involve an issue of federal law. *See generally, Murdock v. City of Memphis,* 87 U.S. (20 Wall.) 590, 22 L.Ed. 429 (1875) (United States Supreme Court's review of state court decisions is limited to any federal question presented). Here, the Commonwealth Supreme Court's writ of prohibition was based on its conclusion that the appellate division was acting outside of its jurisdiction by issuing its mandate.[3] However, the appellate division and its jurisdiction are creatures of federal law which codified the covenant. *See* Covenant § 403(a), codified as amended 48 U.S.C. § 1694c(a). The relationship between the appellate division and the Commonwealth is governed by federal law. Consequently, we find that this court has subject matter jurisdiction over this appeal.

### III.

Having determined that subject matter jurisdiction exists, we must consider whether mootness bars us from reaching the merits of this appeal. *Williams v. I.N.S.,* 795 F.2d 738, 741 (9th Cir.1986) (mootness a threshold issue). "[M]ootness is an element of justiciability and the court has a duty to consider it sua sponte." *Canez v. Guerrero,* 707 F.2d 443, 446 (9th Cir.1983). Here, the subject of the appeal is the Commonwealth Supreme Court's writ of prohibition which attempted to void the appellate division's mandate. The same mandate has subsequently been recalled and vacated by this court. *Mafnas,* 919 F.2d 101.

■ "A case is moot if the reviewing court can no longer grant effective relief." *United States v. State of Oregon,* 718 F.2d 299, 302 (9th Cir.1983). Even if this court overturned the Commonwealth Supreme Court's writ of prohibition, Aldan–Pierce would stand in no better position. This court has already achieved the same result as that attempted by the writ of prohibition by vacating the appellate division's mandate. On these grounds alone, this appeal appears to be moot.

---

**3.** This court reached the same result in *Mafnas* when it granted a mandamus petition to recall and vacate the mandate. It specifically held that the appellate division lost its jurisdiction over all appeals from the Commonwealth trial court after passage of the Act. *Mafnas,* 919 F.2d 101.

The case before us appears to be the first case to reach oral argument on direct appeal from the Commonwealth Supreme Court. While both parties ask this court for guidance concerning future appeals, we decline to reach these issues. We are confident that once the Commonwealth Supreme Court has reached a decision on the merits in this case, any issues which remain in dispute will find their way back to this court. Until that time, these questions are not ripe for this court's review.

This appeal is DISMISSED as moot.