988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cedric Seth HARRISON, Plaintiff-Appellant,
v.
Charles PLUMMER, Sheriff; et al., Defendants-Appellees.
 No. 92-15612.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-91-03374-TEH; Thelton E. Henderson, District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cedric Seth Harrison, an inmate at the Alameda County Jail (the "Jail"), appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We vacate and remand with instructions to dismiss Harrison's action as moot.
 
 
 3
 We raise sua sponte the questions of whether the action below was moot and whether the district court therefore lacked jurisdiction over the action. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (mootness is an element of justiciability); Office & Professional Employees Ins. Trust Fund v. Laborers Funds Admin. Office of N. California, Inc., 783 F.2d 919, 921-22 (9th Cir.1986) (considering sua sponte district court's subject-matter jurisdiction).
 
 
 4
 In his complaint, Harrison alleged that defendants-violated his first amendment right to practice his religious beliefs by prohibiting Muslim ministers from visiting Muslim inmates in the maximum security unit at the Jail's Santa Rita facility. Harrison also alleged that defendants' actions were racially discriminatory because the Muslim inmates are African-American. Harrison did not seek damages but, rather, sought only injunctive relief.
 
 
 5
 In general, a case becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). Here, the record shows that after he filed his complaint but before the district court entered judgment, Harrison was transferred from the Jail's Santa Rita facility to the Jail's North County facility. Harrison's complaint, however, was based solely on alleged constitutional violations at Santa Rita. Thus, because Harrison only sought injunctive relief, his claim is now moot. See Johnson v. Moore, 948 F.2d 517, 521-22 (9th Cir.1991) (per curiam).
 
 
 6
 An exception to the mootness doctrine exists for cases involving injuries that are capable of repetition, yet evading review. See Sample, 771 F.2d at 1338. This case does not fall within that exception, however, because there is no indication in either the record or the briefs on appeal that Harrison will or is likely to be transferred back to Santa Rita.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3