8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Dewayne MITCHELL, Plaintiff-Appellee,
v.
Clarence DUPNIK; D.E. Robare; M.S. Garland, Defendants-Appellants.
 No. 92-15722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 18, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pima County Sheriff Clarence Dupnik and other officers of the Pima County Sheriff's Department appeal the district court's order finding the Pima County Adult Detention Center ("PCADC") law library inadequate and directing defendants to provide appellee Anthony Dewayne Mitchell access to the Modern Federal Practice Digest published by West Publishing Company. We dismiss this appeal as moot.
 
 
 3
 In general, a case becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). We may raise the question of mootness sua sponte. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (mootness is an element of justiciability).
 
 
 4
 Mitchell was a pretrial detainee at PCADC in Tucson, Arizona at the time he filed his action. The sole issue in this interlocutory appeal was whether the law library at PCADC was adequate. After this appeal was filed, Mitchell, who has changed his name to Mustafa Bilal Shabazz, was transferred, first to the Arizona State Prison at Phoenix, Arizona, then to the Arizona State Prison at Florence, Arizona. Mitchell/Shabazz's transfer moots this appeal because the adequacy of the law library at PCADC is no longer a live issue with regard to him. See Sample, 771 F.2d at 1338.
 
 
 5
 An exception to the mootness doctrine exists for cases involving injuries that are capable of repetition, yet evading review. See id. This case does not fall within that exception, however, because there is no indication in either the record or the briefs on appeal that Mitchell/Shabazz will or is likely to be transferred back to PCADC.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3