17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rizalde Cuaderno MENDOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rizalde Cuaderno Joselino Mendoza, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal for lack of jurisdiction of Mendoza's motion for reinstatement of his voluntary departure period. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review as moot.
 
 
 3
 Mootness is a threshold issue. See Williams v. INS, 795 F.2d 738, 741 (9th Cir.1986). Because mootness is an element of justiciability, this court has a duty to consider it sua sponte. Canez v. Guerrero, 707 F.2d 443, 446 (9th Cir.1983). If the reviewing court can no longer grant effective relief, then a case is moot. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991).
 
 
 4
 Here, the subject of Mendoza's petition for review is the BIA's refusal to consider his motion for reinstatement of his voluntary departure. Mendoza brought the motion after this court's November 27, 1992 order granting his motion for voluntary dismissal of an earlier petition for review and denying without prejudice his request for reinstatement of voluntary departure. On January 28, 1994, this court withdrew the November 27, 1992 order and mandate. See Mendoza v. INS, No. 92-70367, Order (9th Cir. Jan. 28, 1994). Our January 28, 1994 order provides Mendoza with a thirty-day voluntary departure period from the date this court's new mandate issues. See id.
 
 
 5
 Because Mendoza has obtained the relief he sought in his motion before the BIA, his petition for review of the BIA's dismissal is denied as moot.[1] See Mafnas, 936 F.2d at 1071.
 
 
 6
 PETITION FOR REVIEW IS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We previously have stated that "a continuing dispute as to jurisdiction is sufficient to prevent a finding of mootness." See Williams, 795 F.2d at 741-42 (continuing jurisdictional dispute because although appellee obtained permanent resident alien status, government still sought deportation); see also Brown v. Board of Bar Examiners, 623 F.2d 605, 609 (9th Cir.1980) (continuing jurisdictional dispute because although appellee obtained the equitable relief she sought, such relief was only "a necessary first step towards a larger goal"). Here, the sole relief that Mendoza sought from the BIA was a reinstatement of his voluntary departure period, and he now has obtained that relief. We, therefore, conclude that there is no continuing dispute as to jurisdiction in this case. See Williams, 795 F.2d at 741