34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Merle L. ROYSE, Plaintiff-Appellant,
v.
Joseph D. LEHMAN; Michael Ponti; Walter L. Kautzky; Chase
A. Riveland, Defendants-Appellees.
 No. 93-36118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 Merle L. Royse, a Washington state prisoner, appeals pro se the district court's summary judgment for defendants in Royse's 42 U.S.C. Sec. 1983 action alleging that prison officials violated Royse's constitutional rights by failing to provide Royse with a television set in order to watch prison educational programs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994), and affirm.
 
 
 2
 Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Id. To defeat a summary judgment motion, the nonmoving party must come forward with evidence "sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The party opposing summary judgment cannot rest on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Taylor, 880 F.2d at 1045.
 
 
 3
 Royse contends that he was denied equal protection of the law because other prisoners obtained televisions when he did not. This contention lacks merit.
 
 
 4
 "Section 1983 provides a remedy for violations of the equal protection clause of the fourteenth amendment." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). In order to prove discrimination in violation of Sec. 1983, however, a plaintiff "must demonstrate that the defendants acted with the intent to discriminate." Id. Conclusory allegations by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977). Merely treating two groups differently does not necessarily violate the equal protection clause. Bonner v. Lewis, 857 F.2d 559, 565 (9th Cir.1988).
 
 
 5
 Here, the defendants moved for summary judgment, submitting evidence that the availability of prison supplied in-cell television sets was very limited when Royse filed his action on April 29, 1987, and that the prison medical staff apportioned the available televisions to those inmates most in need, based on the staff's determination of the inmates' medical and rehabilitative condition. The medical staff did not consider Royse sufficiently needy, in part because he had sufficient mobility to reach the unit's TV viewing room. Royse was placed on a waiting list and obtained a television set in late 1987.
 
 
 6
 Although the district court advised Royse of the necessity to submit evidence to counter defendants' motion, Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988), Royse failed to proffer any evidence supporting his claim. Royse's allegations that he was denied a television because of his religion or in retaliation for his filing of grievances, unsupported by affidavits or specific facts, were insufficient to withstand the defendants' motion for summary judgment. See Taylor, 880 F.2d at 1045. Royse also failed to present any evidence demonstrating a causal connection between the actions of any named defendant and the temporary denial of his television. See Rizzo, 423 U.S. at 375; Leer, 844 F.2d at 633-34. Royse's apparent disagreement with the prison medical staff's decision that other inmates had a greater need for an in-cell television than Royse fails to raise a genuine issue of material fact that defendants treated him differently from other inmates on the waiting list, or that their actions were motivated by the intention to discriminate against him. Thus, his equal protection claim is deficient. See Village of Arlington Heights, 429 U.S. at 265.
 
 
 7
 Royse contends, however, that he raised a material issue of fact sufficient to defeat summary judgment regarding the extent of defendant Tana Wood's knowledge that he was medically unassigned for work. Royse does not indicate, however, how Superintendent Wood's knowledge of his medical record would defeat summary judgment for the defendants. Accordingly, he has not presented evidence of a material dispute and the district court did not err by granting summary judgment for the defendants on Royse's equal protection claim. See Fed.R.Civ.P. 56(c); Taylor, 880 F.2d at 1044.
 
 
 8
 Royse also contends that the district court erred in an earlier order which dismissed as defendants the State of Washington and the Department of Corrections.[1] This contention lacks merit.
 
 
 9
 The Eleventh Amendment generally bars actions in federal court against states or state agencies. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992); Durning v. Citibank, N.A., 950 F.2d 1419, 1428 (9th Cir.1991). The Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in their official capacities. Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir.1992). Accordingly, the district court properly dismissed the State of Washington and the Department of Corrections because Royse sought statewide prospective declaratory and injunctive relief against the State and a state agency. See Durning, 950 F.2d at 1428. The district court properly allowed the action to proceed against the defendant prison officials in their official capacities. See Eu, 979 F.2d at 704.
 
 
 10
 Royse also contends that the magistrate judge lacked authority to deny his motion for a preliminary injunction and to close his district court case while Royse appealed the denial. Because Royse's case was reopened by the district court and proceeded to judgment, these issues are moot. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (case is moot if reviewing court can no longer grant effective relief); Mount Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1450 (9th Cir.1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences and the issue is therefore moot).
 
 
 11
 In his reply brief, Royse appeals the district court's award of costs in the amount of $31.40 to the defendants. While we ordinarily do not consider issues raised for the first time in a reply brief, see Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990), because Royse is proceeding pro se, in the exercise of our discretion we will address this contention.
 
 
 12
 A prevailing party is ordinarily entitled to recover costs. See Fed.R.Civ.P. 54(d). This is so even in the case of indigent litigants who have been granted leave to proceed in forma pauperis. 28 U.S.C. Sec. 1915(e). However, the defendants' bill of costs includes the sum of $20.00 for a docketing fee under 28 U.S.C. Sec. 1923. There is no evidence in the record, however, that defendants ever paid any docketing fee for their appearance in federal court. Accordingly, we affirm the district court's imposition of costs, but reduce the amount to $11.40.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants contend that this court lacks jurisdiction to consider any issues unrelated to the district court's grant of summary judgment. Although Royse filed a notice of appeal only as to the district court's grant of summary judgment for the defendants, this error will generally not be construed to limit the appealable issues where no prejudice to the other party is alleged. Stone v. Godbehere, 894 F.2d 1131, 1133 n. 1 (9th Cir.1990)