34 F.3d 1073
 74 A.F.T.R.2d 94-5831
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waring PARK, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE DISTRICT DIRECTOR, Defendant-Appellee.
 No. 93-35617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Waring Park appeals pro se the district court's dismissal of his action for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. Park sued the District Director and the Regional Director of the Internal Revenue Service (IRS) for (1) damages allegedly resulting from defendants' actions in assessing and collecting tax deficiencies owed by Park for the tax years 1984, 1985, and 1986, and (2) a refund of funds the IRS had levied upon to satisfy those deficiencies. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) and affirm.
 
 
 3
 To the extent that Park sued the defendants in their official capacities for alleged violations of the Internal Revenue Code, the district court correctly dismissed the claim for lack of subject-matter jurisdiction. Under 26 U.S.C. Sec. 7433, a taxpayer bringing a claim for damages for intentional or reckless disregard of the Code must first exhaust his administrative remedies by filing a written claim for damages with the district director. 26 U.S.C. Sec. 7433(d)(1); 26 C.F.R. Sec. 301.7433-1(d) & (e). Because Park failed to allege in his complaint that he had exhausted his administrative remedies, the district court lacked subject-matter jurisdiction over this claim. See Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992).
 
 
 4
 To the extent that Park sued the defendants in their individual capacities for alleged constitutional torts, an action for damages also is foreclosed. See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991) (the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, forecloses a damages action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)). Accordingly, the district court correctly dismissed this claim for failure to state a claim upon which relief may be granted.
 
 
 5
 To the extent Park sought damages for personal injury, his claim was barred under the Federal Tort Claims Act because it arises out of defendants' assessment and collection of Park's federal income taxes. 28 U.S.C. Sec. 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). Therefore, the district court correctly dismissed this claim for lack of subject-matter jurisdiction.
 
 
 6
 To the extent Park alleged that the IRS incorrectly assessed his tax deficiencies in the notice of levy on March 20, 1992, his claim is moot. Because the IRS abated those assessments, Park's challenge to those assessments is no longer sustainable as a live controversy. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (case is moot if reviewing court can no longer grant effective relief).
 
 
 7
 Similarly, Park's motion to restrain the defendants was properly denied as moot. Park obtained the relief requested in his motion when the IRS conceded that its notices of assessment for the relevant periods were invalid, abated the assessments, and refunded the levied upon monies to Park. The record indicates that Park received the refunds. Accordingly, the district court did not err by denying the motion to restrain as moot. Id.
 
 
 8
 To the extent that Park challenged new assessments by the IRS, Park could not do so in district court without first paying the assessments in full and filing an administrative claim for refund. 28 U.S.C. Sec. 1346(a)(1); 26 U.S.C. Sec. 7422(a); Thomas v. United States, 755 F.2d 728, 729 (9th Cir.1985). Therefore, because Park did not allege that he filed the requisite administrative claim for refund, the district court correctly dismissed this claim for lack of subject-matter jurisdiction.
 
 
 9
 On appeal, Park contends that his action was not one for refund or money damages, but rather was an action under 18 U.S.C. Sec. 1341 charging the IRS with mail fraud. The district court did not address this claim in any of its rulings. Park first raised this claim in a motion to compel responses to interrogatories, but never sought to amend his complaint to allege this claim. A claim which is beyond the allegations of the complaint which was before the district court "is not properly before this court on appeal." Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990). Although we construe the pleadings of pro se litigants liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Because Park never sought to amend his complaint before the district court to allege mail fraud, that issue is not properly before this court.[1] See Fuller, 916 F.2d at 563.
 
 
 10
 Park also contends that (1) the judgment dismissing this action was invalid because it was signed by a deputy clerk; (2) Magistrate Judge Cooney violated the law because he is a practicing attorney as well as a part-time magistrate judge; and (3) Magistrate Judge Cooney was prejudiced against him. These contentions lack merit.
 
 
 11
 First, Rule 58 of the Federal Rules of Civil Procedure specifically provides that "upon a decision by the court ... that all relief shall be denied," the clerk of the district court shall enter judgment "without awaiting any direction by the court." Fed.R.Civ.P. 58. Thus, entry of judgment by the clerk was proper.
 
 
 12
 Second, Congress provided in 28 U.S.C. Sec. 632(b) that part-time magistrate judges may practice law. Accordingly, Magistrate Judge Cooney was not in violation of the law.
 
 
 13
 Finally, Park sought Magistrate Judge Cooney's recusal because of rulings which were adverse to Park. Recusal is required only if the alleged bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding. See Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 712 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 890 (1994). Therefore, Magistrate Judge Cooney was not required to recuse himself.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Park's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Park recently filed with this court a motion to amend his complaint under Fed.R.Civ.P. 15(a) in order to raise the claim of mail fraud. Such a motion, however, may be granted only by the district court. Accordingly, Park's motion is denied
 
 
 [2]
 Park's "Objection to Appeals Court Denial of Plaintiff's Motion to Enjoin Defendants" is construed as a motion for reconsideration and is denied. Park's "Motion to Enjoin-II" also is denied