43 F.3d 1478
 74 A.F.T.R.2d 94-7435, 95-1 USTC P 50,025
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon A. BORRERO, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon A. Borrero appeals pro se the district court's summary judgment in favor of the United States in Borrero's action to quiet title under 28 U.S.C. Sec. 2410. On appeal, Borrero contends that the district court erred by granting summary judgment because the Internal Revenue Service ("IRS") failed to: (1) serve him with notices of deficiencies for tax years 1984, 1985, and 1986; (2) provide him with notices of assessment and demands for payments with respect to the assessments; or (3) properly serve him with notices of the proposed sales of his seized assets. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Borrero failed to file federal income tax returns for tax years 1982 through 1986. The IRS determined a federal income tax deficiency for those years in excess of $300,000, including interest and penalties.
 
 
 5
 To prevent the IRS from placing a lien on, levying against, or seizing his personal property, Borrero filed this action in district court. The district court denied his request for injunctive relief, holding that it was without jurisdiction to enjoin the IRS pursuant to the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a). The IRS subsequently seized Borrero's property and sold it to third parties.
 
 
 6
 Thereafter, the court dismissed most of Borrero's claims for lack of subject matter jurisdiction. The court held, however, that 28 U.S.C. Sec. 2410 provided the court with jurisdiction over Borrero's claim for quiet title based on the IRS's alleged procedural errors in failing to: (1) provide sufficient notices of assessment and demands for payment; and (2) properly serve the notices of sale.
 
 
 7
 Upon consideration of these claims, however, the district court granted the government's motion for summary judgment finding that the IRS had provided Borrero with timely notices of assessment and demands for payment and notices of sale. Borrero timely appeals.
 
 
 8
 On July 12, 1994, after full briefing of the case, the government informed the court that the IRS had abated the assessments made against Borrero for tax years 1984, 1985, and 1986 and had issued new statutory notices of deficiency for those years.
 
 II
 Standard of Review
 
 9
 We review de novo the district court's grant of summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Hansen, 7 F.3d at 138. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and come forth with specific facts to show that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Hansen, 7 F.3d at 138. "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen, 7 F.3d at 138.
 
 III
 Merits
 A. Notice of Deficiency
 
 10
 Borrero contends that the district court erred by holding that, under the Anti-Injunction Act, 26 U.S.C. Sec. 7410, it was without jurisdiction to enjoin the IRS from placing a lien on, levying against, or seizing his personal property. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. Sec. 7421(a). A statutory exception to the Anti-Injunction Act exists where the IRS assesses a deficiency before a deficiency notice is mailed. 26 U.S.C. Sec. 6213(a); Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). "Once a taxpayer satisfies one of the exceptions to the [Anti-Injunction] Act, he is no longer jurisdictionally barred from seeking an injunction." Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). The taxpayer, however, still must meet the equitable requirements for injunctive relief. See Elias, 908 F.2d at 526-27; Jensen, 835 F.2d at 198-99.
 
 
 11
 Here, Borrero satisfied the statutory exception to the Anti-Injunction Act, see Elias, 908 F.2d at 523; Jensen, 835 F.2d at 198, and thus was not jurisdictionally barred from seeking injunctive relief. Nonetheless, as discussed below, because we find that this issue has become moot, we need not determine whether the district court erred by not finding that Borrero had alleged sufficient equitable grounds for injunctive relief.
 
 
 12
 After the district court issued its decision, the IRS abated the assessments made against Borrero for tax years 1984, 1985, and 1986 and issued new statutory notices of deficiency for those years. In addition, all proceeds from the sale of property seized from Borrero were applied to his tax deficiencies for tax years 1982 and 1983, years in which Borrero concedes having received notices of deficiency. Thus, the IRS has not assessed, placed a lien upon, levied or seized any of Borrero's property for tax years 1984, 1985, or 1986. Accordingly, Borrero's claim regarding the IRS's alleged failure to provide him with notices of deficiency for tax years 1984, 1985, and 1986 is moot. See Mafnas v. Superior Court, 936 F.2d 1068, 1071 (9th Cir.1991) (" '[a] case is moot if the reviewing court can no longer grant effective relief' " (quoting United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983))).
 
 B. Quiet Title Claims
 
 13
 Under 28 U.S.C. Sec. 2410, "the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. Sec. 2410(a). The taxpayer may challenge only the procedural aspects of tax liens, not the merits on the underlying assessment. Elias, 908 F.2d at 527. Borrero's remaining claims present procedural challenges to the validity of the IRS's tax lien and are therefore cognizable under section 2410. See id.
 
 1. Notice of Assessment
 
 14
 Borrero contends that the district court erred by finding that the IRS properly provided him with notices of assessment and demand for payment with respect to the assessments as required under 26 U.S.C. Sec. 6303. This contention lacks merit.
 
 
 15
 Section 6303 requires that a notice of assessment must be sent to the taxpayer's last known address to be valid. 26 U.S.C. Sec. 6303.[1] "A taxpayer's last known address is that address on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of change of address." Williams v. Commissioner, 935 F.2d 1066, 1067 (9th Cir.1991) (quotations and citations omitted).
 
 
 16
 Here, the IRS submitted Certificates of Assessments and Payments (Form 4340) as proof that assessments had been made. "Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made." Hansen, 7 F.3d at 138; see also Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992). In addition to submitting a Form 4340 for each year at issue, the IRS also submitted an affidavit from IRS agent Devra Ochoa asserting that the IRS had sent the notices and demands to Borrero's last known address.
 
 
 17
 Borrero contends that he never received the notices of assessment. Borrero, however, has failed to present any specific evidence showing that the IRS did not send the notices and demands to his last know address or that he provided the IRS with a change of address. Given these circumstances, the district court properly granted summary judgment for the IRS on this issue. See Hansen, 7 F.3d at 138.
 
 2. Notice of Sale
 
 18
 Finally, Borrero contends that the district court erred by finding that the IRS provided him with adequate notice of the proposed sale of his seized assets. Specifically, he contends that the IRS must, under 26 U.S.C. Sec. 6335, personally deliver a notice of sale to the owner of the seized property. This contention lacks merit.
 
 
 19
 Section 6335(a) specifically provides that "[i]f the owner ... has no dwelling or place of business within [the] district [where the seizure is made], the notice may be mailed to his last known address." 26 U.S.C. Sec. 6335(a).[2]
 
 
 20
 Here, the IRS has asserted that the notice of sale at issue was sent to Borrero via certified mail. The IRS contends that sending the notice by mail was proper because Borrero had no dwelling or place of business within the district where the seizure took place. See id. Borrero does not contest the fact that the notice was sent; nor does he allege that he had a dwelling or place of business within the district. Because section 6335 explicitly authorizes service by mail under these circumstances, the district court properly granted summary judgment for the IRS on this issue. See 26 U.S.C. Sec. 6335.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Borrero's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 6303 provides:
 [T]he Secretary shall ... after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
 26 U.S.C. Sec. 6303.
 
 
 [2]
 26 U.S.C. Sec. 6335(b), which governs notices of sale, provides that the notice of sale must be accomplished in the manner set forth in Sec. 6335(a). See 26 U.S.C. Sec. 6335(b)