**SINTZ, CAMPBELL, DUKE AND TAYLOR, an Alabama Partnership, and Peter V. Sintz, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 94–0603–CB–M.**

United States District Court,
S.D. Alabama,
Southern Division.

March 7, 1996.

---

Lester M. Bridgeman, Matthew C. McDonald, Mobile, AL, for plaintiffs.

Carol Koehler Ide, Washington, DC, for defendant.

## ORDER

BUTLER, Chief Judge.

This matter is before the Court on cross-motions for summary judgment regarding the cross-claims raised by the plaintiffs against the United States of America (tabs 23, 31). After due and proper consideration of the arguments raised by the parties in their briefs, the Court finds that the United States' motion for summary judgment on the cross-claims is due to be **GRANTED,** and the plaintiffs' motion is due to be **DENIED.**

### I. Factual Background

The Court has previously set forth the factual history of this case in some detail in its order dated November 6, 1995; therefore, it will limit its factual recitation to those facts germane to the issues presently before the Court. The November 6, 1995 order resolved the question of whether plaintiff Peter V. Sintz ("Sintz") possessed a property interest in the proceeds of a certain contingent fee contract ("the Blackburn fee") as of the date that he filed for Chapter 7 bankruptcy protection. The Court having found, as a matter of law, that Sintz did possess such an interest at that time, summary judgment was granted in the government's favor as to that issue, with the value of that interest to be determined at a later date.

Because of insufficient briefing by the parties, however, the Court's November 6, 1995 order did not dispose of the cross-motions for summary judgment regarding the plaintiffs' claims of wrongful levy, intentional or reckless wrongdoing, and violation of the bankruptcy court's discharge order by Internal Revenue Service ("I.R.S.") agents.[1] Those issues are now ripe for consideration by the Court.

The plaintiffs' claims arise from two separate levies which were issued by the I.R.S. in August of 1994.[2] The first of these levies, dated August 1, 1994, listed "Peter V. Sintz" as the delinquent taxpayer, and sought to levy on delinquent taxes allegedly owed the I.R.S. by Sintz for the years 1984–89, and 1991.[3] See Exhibit 5 to Government's Motion for Partial Summary Judgment. Sintz argues, and the I.R.S. concedes, that no levy should have been issued for the tax years 1984 and 1991, as the I.R.S. lacked a valid tax lien for the year 1984 and Sintz had actually overpaid his taxes for 1991.

On August 5, 1994, the I.R.S. issued a second levy which identified the delinquent taxpayer as "Sintz, Campbell, Duke & Taylor and/or Peter V. Sintz". See Exhibit 7 to Government's Motion for Partial Summary Judgment. In an explanatory letter which accompanied the second notice of levy, Wil-

---

1. In accordance with the Court's briefing schedule, the government has filed a supplemental brief outlining its position on these claims. The plaintiffs have declined the opportunity to file a response thereto.

2. The plaintiffs also emphasize the fact that both levies occurred after the bankruptcy court had entered a discharge order which released Sintz from all dischargeable debts and enjoined his creditors from taking action to recover such debts. See 11 U.S.C. § 524(a)(2). However, the I.R.S. levies did not violate the discharge orders as to his tax liabilities for the years 1985–89, because the Court has previously found that the I.R.S. tax liens for those years passed through bankruptcy unaffected and encumbered Sintz's interest in the Blackburn fee as of the date that he declared bankruptcy.

3. The face of the notice indicates that Sintz owed $24,863.75 for the 1984 tax year, and $2,439.89 for the 1991 tax year.

liam Sawyer of the U.S. Attorney's Office stated that:

> "[T]he Government takes the position that the law firm of Sintz, Campbell, Duke & Taylor is a nominee of Peter Sintz. As you can see from the levy, the tax liabilities are those of Peter Sintz in his person [sic] capacity." *See* Exhibit 8 to Government's Motion for Partial Summary Judgment.

Plaintiff Sintz, Campbell, Duke & Taylor ("SCD & T") argues, and the I.R.S. concedes, that it was not liable for any unpaid taxes as of the date of the levy. This second levy also enumerated delinquent amounts owed the I.R.S. by Sintz for the years 1984–89, and 1991.

## II. Summary Judgment Standard

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). A party is entitled to judgment as a matter of law unless the nonmovant demonstrates that a genuine dispute exists as to an element of his case on which he has the burden of proof. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Everett,* 833 F.2d at 1510. A failure by the opposing party to point out disputed facts will be taken as an admission that no material factual dispute exists. Local Rule 8. The function of the court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is an issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ Summary judgment is improper "if the dispute about a material fact is 'genuine', that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. If a reasonable factfinder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). All factual matters are to be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987).

## III. Legal Discussion

The government contends that the discrepancies in the August 1994 levies are insufficient as a matter of law to sustain the plaintiffs' claims for wrongful levy, intentional or reckless wrongdoing, and violation of the bankruptcy court's injunction. The Court will evaluate the viability of each of these causes of action in turn.

### A. Wrongful Levy Claim

The plaintiffs argue that the I.R.S. levies dated August 1, 1994 and August 5, 1994 constituted wrongful levies, giving rise to a cause of action under 26 U.S.C. § 7426. That statute states, in relevant part, that:

> "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." 26 U.S.C. § 7426(a)(1).

On its face, this section precludes Sintz from asserting a wrongful levy claim against the government, as Sintz is the person against whom the tax out of which the levy arose was assessed. *See McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991) (action under § 7426 is limited to persons other than taxpayer); *United Sand & Gravel Contractors, Inc. v. United States,* 624 F.2d 733, 735 (5th Cir.1980) (same). Therefore, the sole question is whether SCD & T may maintain a wrongful levy cause of action against the government.

■ Under I.R.S. regulations, SCD & T must show the following: (1) that SCD & T has an interest in the levied funds which is senior to the interest of the United States; and (2) that the funds were wrongfully levied upon. *See* 26 C.F.R. § 301.7426–1(a)(1)(i). The government concedes that SCD & T may be entitled to disbursement of some of the interpled funds; therefore, the Court finds that SCD & T may be able to satisfy the former requirement as to some portion of the levied funds.[4] As to the latter criterion, however, the Court finds no evidence that the levies were "wrongful". Under the applicable law, a levy is wrongful if: (1) the property levied upon is exempt from levy; (2) the taxpayer had no interest in the property; (3) the plaintiff is a purchaser with respect to whom the lien is invalid; or (4) the levy "will or does effectively destroy or otherwise irreparably injure such person's interest in the property which is senior to the Federal tax lien." 26 C.F.R. § 301.7426–1(b)(1); *see also Sessler v. United States,* 7 F.3d 1449, 1451 (9th Cir.1993) (applying regulations in § 7426 action).

■ The first and third avenues for deeming a levy wrongful are plainly inapplicable in this case, and there have been no allegations which could possibly support a finding of wrongfulness on either of those bases. Likewise, SCD & T cannot avail itself of the second route, as the Court has previously ruled that Sintz, the taxpayer, did have an interest in the property which was levied. Finally, as to the fourth possibility, SCD & T has made no showing that the levies in question destroyed or irreparably injured their interests in the funds at issue. On the contrary, the I.R.S. has already returned some of the interpled funds to SCD & T, and has indicated that it will return any remaining funds which are determined to belong to SCD & T after valuation proceedings have concluded. In light of the foregoing, it is clear that the facial defects in the levies are not sufficient as a matter of law to support an action by SCD & T for wrongful levy. Therefore, the Court hereby **GRANTS** the government's motion for summary judgment as to the plaintiffs' wrongful levy claims, and **DENIES** the plaintiffs' motion for summary judgment as to such claims.[5]

### B. Intentional and Reckless Wrongdoing

■ In their brief, Sintz and SCD & T have announced their intention to seek damages for the alleged intentional or reckless wrongdoing of I.R.S. agents. Pursuant to 26 U.S.C. § 7433(a), a taxpayer may bring a civil damages action against the United States for the reckless or intentional disregard of any provision of the Internal Revenue Code by an officer or employee of the I.R.S.

The Court's review of Sintz's complaint and SCD & T's cross-claims reveals no reference to § 7433 by either plaintiff. Therefore, it is unclear to the Court that the plaintiffs have asserted causes of action against the United States under § 7433, notwithstanding their statement in their brief that they intend to seek damages under that section. Even assuming that the plaintiffs have properly pled claims for willful or intentional wrongdoing by I.R.S. employees, however, the government would remain entitled to summary judgment on those claims. The statute clearly provides that:

> "A judgment for damages shall not be awarded under [section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); *see also* 26 C.F.R. § 301.7433–1(d) (no civil action may be filed under § 7433 until earlier of date that administrative claim is decided by I.R.S. or date six months after filing of administrative claim).

---

4. This determination cannot be made with certainty until after the valuation of Sintz's property interest is performed. For the purposes of this order, however, the Court will assume that the value of the levied funds exceeds the value of Sintz's interest in the Blackburn fee, in which case the excess funds would be deemed the property of SCD & T.

5. This ruling also disposes of the plaintiffs' claims for reasonable administrative and litigation costs on their wrongful levy claim. Under 26 U.S.C. § 7430(a), a party must be a "prevailing party" in order to be entitled to recover such costs. Because SCD & T and Sintz are not prevailing parties in this action, they are not entitled to relief pursuant to § 7430(a).

The plaintiffs have nowhere demonstrated or even alleged that they have satisfied the exhaustion requirement of the statute and accompanying regulations. In similar circumstances, a number of courts have dismissed claims brought under § 7433 where the plaintiff has failed to allege exhaustion of administrative remedies on the ground that such a failure deprives the district court of subject-matter jurisdiction over a plaintiff's claim. *See, e.g., Tempelman v. Beasley*, 1994 WL 708145 *2 (1st Cir., Dec. 21, 1994); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir.1994); *Park v. Internal Revenue Service District Director*, 1994 WL 416096 * 1 (9th Cir., Aug. 9, 1994). The Court agrees with the analyses performed by the above-cited courts. Because the plaintiffs have failed to make any showing of exhaustion, the Court lacks subject-matter jurisdiction over their § 7433 claims. Accordingly, the Court GRANTS the government's motion for summary judgment on the plaintiffs' claims for intentional or reckless wrongdoing under 26 U.S.C. § 7433.

### C. Violation of Injunction

 Finally, the plaintiffs assert a cause of action under 11 U.S.C. § 524 for violation of the bankruptcy court's injunction. The Court recognizes that the plaintiffs may have a viable claim that the I.R.S.'s pursuit of Sintz's discharged 1984 tax liability (for which the I.R.S. possessed no valid tax lien) violated the bankruptcy court's discharge order. If, indeed, that claim is actionable, the government may be found in contempt of the injunction and may be held liable for actual damages and reasonable attorney fees caused by its violation. *See In re McNeil*, 128 B.R. 603 (Bkrtcy.E.D.Pa.1991); *In re Roush*, 88 B.R. 163 (Bkrtcy.S.D.Ohio 1988). However, the plaintiffs have not explained and the Court fails to see how the government's alleged violation of the bankruptcy court's injunction translates into a cause of action before this Court. If anything, the plaintiffs should have raised this issue before the bankruptcy judge. The plaintiffs are requesting sanctions for a violation of the bankruptcy court's injunction; therefore, it is that court that should be determining whether a finding of contempt or other sanctions are warranted. The plaintiffs have adequate recourse before the bankruptcy court, and it would be inappropriate for this Court to impose sanctions on the government for an alleged violation of an order that this Court did not enter.

Moreover, the plaintiffs concede that the I.R.S. returned the funds which may be ascribed to Sintz's discharged 1984 tax liability within one year of the levy in question; therefore, plaintiffs are unable to make any showing of actual damages resulting from the alleged violation of the injunction. For these reasons, the Court **GRANTS** the government's motion for summary judgment as to the plaintiffs' claims under 11 U.S.C. § 524.

### IV. Conclusion

For the foregoing reasons, the Court finds that the United States' motion for summary judgment as to the claims raised in Sintz's complaint and SCD & T's cross-claims is due to be, and the same hereby is, **GRANTED,** while the plaintiffs' motion for summary judgment as to those same causes of action is **DENIED.**

In its previous order, the Court instructed the parties to perform all necessary analyses regarding the value of Sintz's property interest in the Blackburn fee, in preparation for a possible valuation hearing. Although the parties notified the Court of their progress several months ago, the Court is unaware of the present state of those preparations. Therefore, the Court **ORDERS** the parties to advise the Court in writing of the present status of their valuation efforts and to state their positions as to whether or not a full-scale valuation hearing will be necessary in this matter. The parties should so inform the Court within twenty (20) days of the date of this order.

It is so **ORDERED.**