131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Scott HARTLINE, Petitioner-Appellant,
v.
Terry L. STEWART; Attorney General of the State of Arizona;
Arizona U.S. Attorney, Respondents-Appellees.
 No. 97-15550.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-00584-RGS; Roger G. Strand, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Scott Hartline appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition which the district court construed as a 28 U.S.C. § 2241 petition. We review de novo the district court's denial of a 28 U.S.C. § 2241 petition. See Vermouth v. Corrothers, 827 F.2d 599, 601 (9th Cir.1987). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Hartline contends that the federal Bureau of Prisons ("BOP") improperly frustrated the sentencing intent of the federal and state courts by designating an Arizona state institution as his place of imprisonment.[1] This contention lacks merit. The BOP has the authority to designate a prisoner's place of imprisonment and may designate a correctional facility "whether maintained by the Government or otherwise." 18 U.S.C. § 3621(b); see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (noting that transfer of a prisoner from federal to state prison was within BOP's authority to designate place of confinement).
 
 
 4
 Hartline also contends that the federal detainer lodged with the Arizona prison authorities prevents him from participating in activities for which he would otherwise be eligible. The parties do not dispute that the federal detainer affects Hartline's public risk score and that, as a result, his housing assignment is restricted. However, Hartline has no constitutional right to a specific security classification or to particular prison programs. See Hernandez v. Johnston, 833 F.2d 1316, 1318-19 (9th Cir.1987).
 
 
 5
 Finally, Hartline raises as an issue on appeal whether "the state and federal court adequately release[d] jurisdiction in 1994." This does not appear to be an issue raised in his petition to the district court. To the extent that Hartline is raising an issue that was not raised in district court, we decline to consider it. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994). If Hartline is raising the issue presented to the district court that his federal and state sentences should run concurrently, that issue is moot. Hartline's federal judgment and commitment has been amended to reflect that his federal sentence run concurrently with his state sentence. See Mafnas v. Superior Ct., 936 F.2d 1068, 1071 (9th Cir.1991) (holding that appeal is moot where prior decision gave appellant adequate remedy).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hartline cannot claim that the designation of an Arizona institution violates his plea agreement as the plea agreement contained no provision regarding his place of imprisonment